## A94A2676. STEPHENSON v. THE STATE.
(453 SE2d 144)

RUFFIN, Judge.

Rodney Stephenson was tried by a jury and convicted of being a habitual violator, driving under the influence, fleeing to elude and other traffic offenses.

Construed in a light most favorable to the verdict, the evidence shows that a Georgia State Highway Patrol trooper turned on his blue lights after spotting a car weaving across the road. After turning and jumping a curb, the driver, later identified as Stephenson, stopped near a wooded area, jumped out of the car, looked briefly in the trooper's direction and ran into the woods. Approximately one hour later Stephenson walked out of the woods and was arrested. The trooper testified that at the time of the arrest he concluded Stephenson was intoxicated because he smelled of alcohol and his overall demeanor was consistent with individuals who have been drinking a lot. After being read his implied consent rights, Stephenson refused to submit to a chemical test, insisting that he was not driving the car.

1. In his first enumeration of error, Stephenson contends the State failed to introduce evidence to establish venue in Whitfield County. At trial, the uncontroverted testimony of the trooper was that the area in which the events took place was located in Whitfield County. This evidence "was sufficient to permit the jury to find beyond a reasonable doubt that venue of all the charges brought against [Stephenson] was in Whitfield County. [Cit.]" *Vest v. State,* 211 Ga. App. 882, 883 (1) (440 SE2d 765) (1994).

2. Stephenson also contends the trial court erred in admitting a notice of habitual violator status served on him. At trial, the State introduced the notice which was based on the three offenses listed on the notice. Stephenson's attorney objected on the basis that the State had not proved service of the notice on Stephenson or that the signature on the notice was Stephenson's. However, on appeal Stephenson appears to challenge the admission of the notice on the ground that the State failed to notify him of its intent to introduce evidence of independent offenses at least ten days before trial in accordance with Uniform Superior Court Rule 31.1. " 'It is well settled that a reason urged by enumeration of error on appeal which is different from that

urged below will not be considered for the first time on appeal.' [Cit.]" *Reinhardt v. State,* 197 Ga. App. 825, 828 (4) (399 SE2d 729) (1990). Accordingly, we find no error.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 24, 1995.

*M. Gene Gouge,* for appellant.

*Jack O. Partain III, District Attorney, M. Bert Poston, Jr., Assistant District Attorney,* for appellee.