A97A0556. CORBIN v. THE STATE.
(483 SE2d 678)

JOHNSON, Judge.

A jury convicted Jeffrey Hugh Corbin of being an habitual violator, driving under the influence of alcohol, and driving without proof of insurance. On appeal, he contends the court erred in admitting a Department of Public Safety ("DPS") record showing he had been notified of his status as an habitual violator. He also argues that the evidence was insufficient to support the habitual violator conviction. We affirm.

1. The trial court did not err in admitting a DPS document showing Corbin had been notified of his status as an habitual violator in open court in the City Court of Jasper, Georgia, in November 1992. Corbin contends the document was inadmissible because the state did not authenticate the document through the testimony of a DPS custodian of records. This argument is waived by Corbin's failure to raise it in the trial court. See *Stephenson v. State*, 216 Ga. App. 147, 148 (2) (453 SE2d 144) (1995) (on appeal, change of grounds for objec-

---

tion constitutes waiver). Moreover, this argument is without merit because the document was certified as a DPS record and, therefore, was "admissible as evidence in any civil or criminal proceeding as proof of the contents thereof." OCGA § 40-5-2 (f) (1); see *Smith v. State*, 187 Ga. App. 322 (1) (370 SE2d 185) (1988). The other arguments Corbin makes for exclusion of this document are also waived by his failure to make them below. See *Stephenson*, supra.

2. Based on his allegation that the habitual violator notice was inadmissible, Corbin contends the state did not carry its burden of proof on this charge as required by *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). As discussed in Division 1, this notice was admissible. See *Smith*, supra. The state clearly carried its burden of proof. The habitual violator notice was issued in November 1992, and Corbin was stopped while driving an automobile in August 1994. Corbin admitted that he had received and signed the habitual violator notice and acknowledged that he had not possessed a driver's license since 1980. Contrary to Corbin's additional arguments, this evidence allowed the jury to determine that Corbin operated a motor vehicle less than five years after being declared an habitual violator and having his license revoked. OCGA § 40-5-58 (c) (1); see *Funderburk v. State*, 221 Ga. App. 438, 440 (2) (471 SE2d 535) (1996). See also *Ragan v. State*, 264 Ga. 190, 191, n. 2 (442 SE2d 750) (1994) (state not required to prove the convictions which caused defendant to be declared an habitual violator).

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED MARCH 6, 1997.

*Conrad & Abernathy, Eric A. Ballinger*, for appellant.
*Garry T. Moss, District Attorney, Cecelia Harris, Assistant District Attorney*, for appellee.