## A97A1822. VALENTINE v. THE STATE.
(495 SE2d 116)

Pope, Presiding Judge.

William Valentine was convicted of driving a vehicle after being declared an habitual violator. On appeal he argues the State failed to introduce competent evidence showing he was properly notified of his habitual violator status on the date alleged in the indictment. He also claims the court erred by introducing evidence of his habitual violator status because the State did not provide those documents in discovery and because some of the documents were never shown to be relevant. Finding no error, we affirm the conviction.

1. Valentine claims a fatal variance between the indictment and the proof at trial. We disagree. The indictment alleged that he drove a vehicle on July 10, 1995, after being notified "on December 20, 1993" that he was declared an habitual violator. But the evidence at trial, Valentine argues, showed at best that he was notified of his status *on August 19, 1993*. No fatal variance exists because the indictment did not allege that the notice date was material to the charge. See *Moore v. State*, 207 Ga. App. 892, 894 (1) (429 SE2d 335) (1993). Absent a showing that the date was material, the State could prove the elements of the indictment by proof that Valentine drove a vehicle within five years of the time he was notified of his habitual violator status. Id.; see *Hyde v. State*, 205 Ga. App. 754, 755 (1) (424 SE2d 39) (1992).

2. Valentine also argues that the State produced no competent evidence showing he was ever notified of his habitual violator status. This claim is meritless because the State introduced a record, certified as true and accurate by the Department of Public Safety ("DPS"), which stated that Valentine was personally served with notice of his habitual violator status on August 19, 1993. Contrary to Valentine's objection at trial, this document was "admissible as evidence in any civil or criminal proceeding as proof of the contents thereof" under former OCGA § 40-5-2 (f) (1) (effective at the time of this trial in October 1996). See *Ragan v. State*, 264 Ga. 190, 191 (1) (442 SE2d 750) (1994); *Key v. State*, 166 Ga. App. 546, 547 (305 SE2d 20) (1983). This document satisfied the State's burden of showing Valentine had been notified of his habitual violator status within the five years prior to the day he was stopped while driving. See *Corbin v. State*, 225 Ga. App. 269, 270 (1) (483 SE2d 678) (1997). At trial, Valentine did not challenge the constitutionality of former OCGA § 40-5-2 (f) (1), nor did he argue (as he does here) that the notice is insufficient because it indicates a court clerk, rather than a judge or prosecutor, delivered it. Therefore, those additional contentions are waived. *Garren v. State*, 220 Ga. App. 66, 67 (3) (467 SE2d 365) (1996).

3. Because the State did not produce the notice document in dis-

covery, Valentine contends the trial court should have excluded it from evidence. The trial court specifically found no bad faith on the State's part and no prejudice to Valentine. The court offered Valentine a continuance, which he did not accept. No error resulted. Absent proof of prejudice to the defense and bad faith by the State, the trial court is not required to exclude the evidence and may offer the defendant lesser relief, including a continuance, to review the unproduced discovery. See *Bell v. State*, 224 Ga. App. 191, 192 (480 SE2d 241) (1997); OCGA § 17-16-6. As Valentine refused to accept the offer of continuance, he may not complain of the court's failure to grant additional relief. See *Bell*, 224 Ga. App. at 192.

4. In his remaining enumeration, Valentine claims the trial court erred by introducing two irrelevant and unauthenticated exhibits: State's Exhibit 1, an "official notice of revocation" addressed to Valentine and dated August 19, 1993; and State's Exhibit 3, a copy of a receipt for certified mail bearing Valentine's signature and showing a delivery date of December 20, 1993. The State offered this evidence to prove Valentine received notice of his habitual violator status. As discussed in Division 2, the documents were admissible because they were certified copies of DPS records. See former OCGA § 40-5-2 (f) (1). Valentine, however, argues that the documents were irrelevant because the State never proved Exhibit 1 was mailed and never connected Exhibit 3 to Exhibit 1. Even were we to accept those arguments, we would find no reversible error. As discussed in Division 2, the State provided proof that Valentine was notified of his status on August 19, 1993. Valentine did not counter this proof. Given the overwhelming evidence that Valentine received notice of his status on August 19, any additional evidence on this issue was at most cumulative. Because it is highly probable that Exhibits 1 and 3 did not contribute to the verdict, their allegedly erroneous admission was at most harmless error. See *Key*, 166 Ga. App. at 547.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED DECEMBER 10, 1997.

*Rosemary M. Hathaway*, for appellant.

*Harry N. Gordon, District Attorney, Henry R. Thompson, Assistant District Attorney*, for appellee.