A05A1878. McCLENDON v. THE STATE.
(623 SE2d 738)

MILLER, Judge.

A jury found Shannon McClendon guilty of robbery by intimidation and aggravated assault. The trial court merged the latter count into the former and sentenced McClendon to eight years to serve. On appeal, she does not challenge the sufficiency of the evidence against her, asserting only that the trial court erred when it refused to admit her videotaped statement and a copy of a co-defendant's conviction into evidence. We discern no error and affirm.

We will not contradict a trial court's decision to admit or exclude evidence in the absence of an abuse of discretion. *Stewart v. State*, 210 Ga. App. 474, 478 (10) (436 SE2d 679) (1993).

McClendon's unredacted statement described unrelated criminal activity by a co-defendant, who objected to the statement as irrelevant and prejudicial. The trial court excluded the statement. McClendon took the stand in her own defense, and her counsel repeatedly elicited testimony concerning the videotaped statement during his cross-examination of other witnesses. The trial court also excluded a document purported to be a co-defendant's felony conviction because it was not a properly certified copy and was therefore unauthenticated. Properly authenticated convictions for larceny and burglary were admitted.

Since the videotaped statement was cumulative and the purported conviction unauthenticated, we cannot say that the trial court abused its discretion when it excluded both these pieces of evidence. *Stewart*, supra, 210 Ga. App. at 478 (10) (excluding videotaped statement as cumulative); OCGA § 24-7-20 (requiring certification of document by state or county officer); see *Valentine v. State*, 229 Ga. App. 791, 792 (4) (495 SE2d 116) (1997) (affirming exclusion of unauthenticated documents containing cumulative evidence). We also find it highly unlikely that their exclusion affected the jury's verdict. *Valentine*, supra, 229 Ga. App. at 792 (4); compare *Reeves v. State*, 237 Ga. 1, 3 (226 SE2d 567) (1976) (admission of co-defendant's statement implicating defendant was reversible error even when curative instruction given).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED NOVEMBER 23, 2005.

*Stephen R. Yekel*, for appellant.
*Spencer Lawton, Jr.*, District Attorney, *Isabel M. Pauley*, Assistant District Attorney, for appellee.