A97A0411. BROWN v. THE STATE.
(483 SE2d 633)

SMITH, Judge.

Anthony Brown was indicted on charges of murder and felony murder, OCGA § 16-5-1 (a), (c), and convicted of voluntary manslaughter, OCGA § 16-5-2 (a). His motion for new trial was denied, and he appeals. We affirm.

Construed to support the verdict, evidence was presented that Brown accompanied Kiana Dancie and another friend of hers to Dancie's high school prom. After the prom, Dancie allowed Brown to sleep over at her house. They went to sleep and awoke sometime later to the sound of loud knocking and Dancie's boyfriend's voice calling out to her to open the door. She complied. Although it is disputed as to where Brown went to sleep that night — in Dancie's bed in her room or on the sofa in the living room — it is not disputed that by the time Dancie allowed the victim inside, Brown was on the sofa pretending to be asleep. The victim came inside, saw Brown lying on the sofa, and began to argue with Dancie about Brown's presence in the house. Dancie and the victim went to her bedroom and continued their discussion for about ten minutes. The victim then returned, cursing, to the living room and told Brown to leave. There was some testimony that the victim "reached for [Brown]" but was unable to touch him because of Dancie's presence between the victim and Brown. It is undisputed, however, that the victim did not touch

Brown, and Brown testified that the victim did not make threatening gestures toward him and that he did not observe the victim threaten Dancie.

Brown, whose car was blocked in by the victim's car, walked outside, past the victim and Dancie, and Dancie closed the door behind him. Brown got his gun from his glove compartment, placed a bullet in the chamber, walked back inside and shot the victim in the stomach, killing him. Dancie testified that Brown entered the house and said, "Don't you ever disrespect me" before he shot the victim. According to Brown's statement to the police, he "wasn't going to leave [Dancie] there because [the victim] was mad," and he knew he had a gun in his car. He "was going to get it, get [Dancie], and just go." When he reentered the house, the victim "jumped up," and Brown shot him. Brown testified at trial that the victim "came lunging out and I pulled him a shot. I shot."

We find no merit in Brown's contention that the evidence was not sufficient to convict him of voluntary manslaughter. One commits voluntary manslaughter when he or she kills another person, "under circumstances which would otherwise be murder and . . . acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." OCGA § 16-5-2 (a). Although Brown testified that he did not intend to fire the gun when he reentered the house and that he was frightened, his intent and whether Brown acted "in the heat of passion or with justification depended largely on the credibility of the witnesses, which was for the jury to assess. [Cit.]" *Nelson v. State*, 213 Ga. App. 641, 642 (1) (445 SE2d 543) (1994). Here, as in *Nelson*, the evidence was sufficient to authorize the jury to find Brown guilty of voluntary manslaughter beyond a reasonable doubt. See also *Lee v. State*, 202 Ga. App. 708 (1) (415 SE2d 290) (1992).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 5, 1997.

*Letitia B. Delan*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Jennifer M. Daniels, Assistant District Attorneys*, for appellee.