## S97A0874. CONNOR v. THE STATE.
### (492 SE2d 669)

Hines, Justice.

John Raymond Connor appeals his convictions for malice murder, burglary, and possession of a knife during the commission of a crime in connection with the fatal stabbing of Roosevelt Johnson.[1]

The evidence viewed in favor of the verdicts showed that Connor lent Johnson money to buy crack cocaine, which Johnson would then resell. Late at night, Connor went to Johnson's house to collect the money and knocked on the front door. Johnson would not let him in and refused to pay the money, and attempted to close the door, but Connor wedged his foot inside. Connor withdrew when Johnson produced a knife and cut Connor near the eye. Connor went to the rear of the house, took a tire that he found there, and used it to smash a back window. Connor entered the house through the broken window and encountered Johnson in the hall.

At trial, Connor testified that Johnson was holding a butcher knife in his left hand and in his right a smaller knife, roughly the size of a steak knife. Johnson attacked him, Connor grabbed Johnson around the waist, they fell over a table, and the knife in Johnson's right hand became lodged in Johnson's abdomen. Johnson removed the knife and followed Connor out of the house, but Connor ran farther than Johnson could follow. Johnson managed to summon help but he bled to death from the knife wound.

The State played for the jury an audio tape of a statement Con-

---

[1] The crimes were committed on March 27, 1993. On July 6, 1993, Connor was indicted for malice murder, felony murder, burglary, and possession of a knife during the commission of a crime. He was tried before a jury on December 13-14, 1995, and found guilty on all counts. He was sentenced on February 20, 1996 to life imprisonment for malice murder, five years for burglary to be served concurrently to the murder sentence, and five years for possession of a knife during the commission of a crime to be served consecutively to the murder sentence. The felony murder stood vacated by operation of law. OCGA § 16-1-7. Connor's motion for new trial was filed on March 15, 1996, and denied on November 6, 1996. He moved for an out-of-time appeal on January 31, 1997, which the trial court granted that day. The appeal was docketed in this Court on March 7, 1997, and submitted for decision on April 28, 1997.

nor had made to police which differed from his trial testimony as to what transpired in the house. At various times in the statement Connor said: that he held a smaller knife and Johnson held a butcher knife; that Johnson held one knife and the two men fought for another smaller knife; and that the two men fought over a single knife. He also stated that Johnson was stabbed while struggling for a knife, or stabbed himself. In the statement Connor did not mention falling over a table.

1. Connor contends the evidence is insufficient to support the verdicts because there is no evidence he entered the house with intent to commit a crime, nor any evidence that, if he obtained a weapon while in the house, he intended to commit an aggravated assault with it. Thus, he argues, there is no evidence of burglary, or malice murder, or aggravated assault, or any other crime, and therefore no evidence of possession of a knife during the commission of a crime. The jury was entitled to reject Connor's explanation in favor of the circumstantial evidence of intent. *Griffin v. State*, 251 Ga. 431, 432 (1) (306 SE2d 283) (1983). Connor chose to break into the residence of a man who had just attacked him with a knife, and the jury could infer he did so with the intent to seek revenge and commit an aggravated assault. The evidence was sufficient to support the verdicts. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Connor submitted a written request to charge on involuntary manslaughter as a lesser included offense. During the charge conference, he specifically withdrew that request to charge but now contends that the court should have given it nonetheless under *Tarvestad v. State*, 261 Ga. 605 (409 SE2d 513) (1991), which holds that a defendant's sole defense must be charged even when not requested. Assuming, but not deciding, that a lesser included offense is a "sole defense" as used in *Tarvestad*, and assuming the evidence supported an involuntary manslaughter charge, that was not Connor's sole defense. Rather, he testified at trial that he acted to protect himself. He requested that the court charge the jury on justification and self-defense, which it did.

3. Connor requested jury charges on self-defense and accident. The court charged the jury on self-defense but rejected the charge on accident as not supported by the evidence. Connor contends the court should have given the charge and instructed the jury that the State had the burden to disprove the defense of accident beyond a reasonable doubt. See *Griffin v. State*, 267 Ga. 586 (1) (481 SE2d 223) (1997).

The court correctly refused the charge. Connor testified that he struggled with Johnson in an attempt to protect himself, and that in the course of that struggle the knife pierced Johnson's abdomen.

Under these circumstances, the evidence did not support the requested accident charge. Additionally, the jury was fully charged on the State's burden to prove every element of the crime of murder, including intent. As the jury believed Connor guilty of murder, it could not have believed Johnson's death to be the result of an accident. *Tankersley v. State*, 261 Ga. 318, 322 (7) (404 SE2d 564) (1991).

*Judgments affirmed. All the Justices concur.*

DECIDED NOVEMBER 17, 1997.

*Stanley C. House,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Allison B. Goldberg, Assistant Attorney General,* for appellee.