## A98A1198. CARL v. THE STATE.
(506 SE2d 207)

JOHNSON, Presiding Judge.

Richard John Carl, Jr. appeals his conviction of rape of a 14-year-old girl.

1. Carl contends that his motion for new trial should have been granted based on a claim of newly discovered evidence. We disagree.

A new trial should be granted due to newly discovered evidence when a defendant satisfies the six requirements of *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980). Among these requirements are that the evidence has come to defendant's knowledge since trial, that it was not owing to the want of due diligence that he did not acquire it sooner, and that it is so material that it would probably produce a different verdict. All six requirements must be met to secure a new trial. Id.

Carl's appellate counsel contends that the testimony of Jason Bodie, a/k/a Jason Boody, the only eyewitness to the alleged rape of the victim, is newly discovered evidence requiring the grant of Carl's motion for new trial. Bodie was Carl's friend and was with him on the night of the incident. The substance of Bodie's testimony is that he observed Carl and the victim having what appeared to him, from the positions and sounds of the parties, to be consensual sex.

The record establishes that at trial Carl's counsel was aware Bodie had been present on the night of the incident, was aware that prior to trial a detective had interviewed Bodie, and was aware that Bodie was not present at trial and probably would not be called as a state's witness. As a matter of trial strategy, trial counsel asserted that it was Bodie and not Carl who had sex with the victim. Thus, this is not a situation involving a newly discovered witness. Bodie had entered the vacant house with Carl and the victim on the night of the incident. Further, on appeal Carl makes no claim that Bodie refused to testify or refused to submit to pretrial interview by Carl. See *Davis v. State*, 221 Ga. App. 375 (471 SE2d 307) (1996) (defendant made no effort to subpoena accomplice and sought no continuance because of his unavailability).

"A new trial may be granted when material evidence, not merely cumulative [sic] in its character, but relating to new and material facts, shall be discovered by the applicant after the rendition of a verdict against him; but it must appear that neither the applicant nor his counsel knew of the existence of such evidence before the trial,

and that the same could not have been discovered by the exercise of ordinary diligence. [Cit.]" *Norman v. Goode*, 121 Ga. 449, 453 (49 SE 268) (1904). A defendant is not entitled to go to trial hoping to convince the jury by relying on a particular trial strategy and, when that strategy fails, attempt to obtain a new trial by proffering evidence which he knew or which, although newly available, could have been discovered earlier by exercise of due diligence. See also *Humphrey v. State*, 252 Ga. 525, 528 (3) (314 SE2d 436) (1984). One of the requirements of *Timberlake*, supra at 491, is that it must not be because of want of due diligence that the allegedly newly discovered evidence was not acquired sooner. Due diligence must have been employed by the defendant. Carl was fully aware of the existence of Bodie and his close proximity to the crime scene. He was also aware that Bodie had been interviewed prior to trial by a law enforcement official. Carl has failed to carry his burden on appeal of establishing that he used due diligence as required by *Timberlake*.

Additionally, the trial court found that Bodie's credibility would be seriously impaired in the event of a new trial; thus, his testimony would serve only to impeach the victim's credibility and would not be so material that it probably would produce a different verdict in the event of a new trial. One of the *Timberlake* requirements is that new evidence must be so material that it would probably produce a different verdict. Id. at 491. In determining whether any newly discovered evidence would probably produce a different verdict, a trial court should not consider new evidence in isolation. *Alexander v. State*, 186 Ga. App. 787, 790 (4) (368 SE2d 550) (1988). Rather, it should consider the strength and weaknesses of both the state's and the defendant's case and the nature and strength of a defendant's new evidence. See id. Moreover, the court should evaluate any credibility problems inherent in the new evidence and determine whether because of such problems, the proffered evidence probably would not result in a different verdict. See *Davis*, supra at 378. The trial court did not abuse its discretion in this matter. See *Jewell v. State*, 261 Ga. 861, 862 (2) (413 SE2d 201) (1992).

2. The trial court did not err in denying Carl's motion for new trial on the grounds of ineffective assistance of trial counsel. To establish a claim of ineffective assistance of counsel, Carl must show his trial counsel's performance was deficient and the deficiency so prejudiced his defense that a reasonable probability exists that the trial result would have been different if the deficiency had not occurred. *Nihart v. State*, 227 Ga. App. 272, 273 (1) (488 SE2d 740) (1997).

(a) Pretermitting whether trial counsel's performance was deficient in failing to interview Bodie and to call him for trial is whether if such deficiency had not occurred, a reasonable probability exists

that a different verdict would have been reached. We conclude that no such reasonable probability exists. It is asserted Bodie would testify that: Carl and the victim were kissing that evening and were holding hands as they went upstairs in the vacant house; Bodie later heard sounds of intercourse from upstairs and observed the victim on top of Carl engaged in an act of sexual intercourse; the act of intercourse appeared to be consensual; and Bodie did not hear the victim scream or protest. At trial, the victim testified that Carl had sexual intercourse with her by force and without her consent and, although she was crying at the time, she did not scream or call for help. Thus, some of Bodie's post-trial testimony would be cumulative.

Additionally, review of the record in its entirety shows that it was the strategy of Carl and his trial counsel to blame the rape on Bodie should the jury believe the victim was in fact raped. As Bodie would deny that he committed the rape and would testify that he saw Carl having sexual intercourse with the victim, it is clear that presenting Bodie as a defense witness would undermine the original defense strategy. Carl has not overcome the presumption that the failure to call Bodie as a defense witness at trial falls within the range of reasonable professional assistance and might be considered sound trial strategy. *Ferrell v. State*, 261 Ga. 115, 119 (3) (401 SE2d 741) (1991). We will not use hindsight to evaluate the wisdom of this strategy.

(b) Carl also claims his trial counsel was inadequate for failing to call Terry Hicks as a witness. Hicks observed the similar transaction rape victim in the presence of Carl after the alleged rape had occurred and would have testified that she was smiling, was not crying, and did not appear to be upset, and that Carl's reputation was pretty good as far as he knew.

Pretermitting whether the failure to interview and call Hicks as a witness was deficient professional conduct is whether if such deficiency had not occurred a reasonable probability exists that a different verdict would have been reached. We conclude that no reasonable probability exists that a different verdict would have likely been reached. Hicks merely observed a similar transaction rape victim's demeanor later during the night of her asserted rape by Carl. At most, Hicks' testimony would have been offered to impeach the similar transaction rape victim's rape claim and to show Carl's "pretty good" character. Carl has failed to make an affirmative showing that specifically demonstrates how trial counsel's failure to call Hicks probably would have affected the outcome of this case. See *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995).

(c) Trial counsel's decision not to call character witnesses, including Hicks, was a matter of trial tactics. We agree with the trial court's findings that trial counsel's decision not to call witnesses cannot be

considered as deficient performance. As the trial court held "[t]he decision to preserve the valuable right to closing argument by trial counsel, even in light of the evidence presented by appellate counsel at the motion for new trial hearing, was a reasonable trial tactic." Further, trial counsel testified that Carl made a decision not to testify or to have any witnesses testify in his behalf. The decision to call character witnesses, the making of objections and motions, and the conduct of the defense in general are the exclusive province of the lawyer after consulting with the client. *Young v. State*, 191 Ga. App. 651, 652 (2) (382 SE2d 642) (1989). Carl has not overcome the strong presumption that counsel's performance was not deficient and that his actions in failing to call these witnesses might be considered sound trial strategy. See *Luallen v. State*, 266 Ga. 174, 176 (3) (a) (465 SE2d 672) (1996); *Ferrell*, supra.

(d) Pretermitting whether trial counsel's performance was deficient in failing to investigate the background of the victim, the similar transaction victim, and the police detective is whether if such deficiency had not occurred, a reasonable probability exists that a different verdict would have been reached. We conclude that it would not. The trial court found that trial counsel's cross-examination of the state's key witnesses was effective. This finding is supported by examination of the record. Carl has failed to show affirmatively that but for any deficiency in investigating these witnesses' backgrounds there probably would have been a different verdict. Moreover, a trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. See *Karvonen v. State*, 205 Ga. App. 852, 853 (2) (424 SE2d 47) (1992).

(e) Carl contends that trial counsel's failure to object to the state's opening and closing statements, asserting that Bodie had claimed Carl raped the victim, was deficient. Contrary to Carl's contention the jury was not informed by the state that Bodie claimed Carl had raped the victim. Rather, the record reflects that the jury at most was informed, without objection, that Bodie was the one who reported the incident to the police. Carl has not overcome the strong presumption that counsel's performance was not deficient and that his actions in failing to object to the state's opening statement and the testimony of the victim that Bodie reported the incident might be considered sound trial strategy. See *Luallen v. State*, supra; see also *Key v. State*, 230 Ga. App. 359, 360 (1) (496 SE2d 497) (1998) (defendant failed to show the requisite deficiency and prejudice needed for reversal where trial counsel failed to move in limine to redact defendant's name from taped telephone conversation).

(f) Carl contends that his trial counsel did not spend an adequate amount of time in trial preparation. There exists no specific amount

of time which a trial counsel must spend in trial preparation; each situation must be judged upon its own circumstances in light of its own degree of complexity. *Reddin v. State*, 223 Ga. App. 148, 151 (3) (e) (476 SE2d 882) (1996).

(g) Carl asserts that the effect of the totality of his trial counsel's allegedly deficient representation was to prejudice him within the meaning of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the circumstances of the case. *Brown v. State*, 268 Ga. 354, 357 (4) (490 SE2d 75) (1997). Each claim of inadequacy must be examined independently of other claims, under the two-prong standard of *Strickland*, supra. Compare *Hawes v. State*, 240 Ga. 327, 328 (1) (240 SE2d 833) (1977) (appellant contended that cumulative impact amounted to ineffective assistance of counsel); *Reddin*, supra at 151 (3) (multiple claims of inadequacy independently analyzed). Georgia does not recognize the cumulative error rule. See *Bridges v. State*, 268 Ga. 700, 708 (8), (9) (492 SE2d 877) (1997).

3. Carl has asserted two separate claims of error in both his third and fourth enumerations of error in violation of OCGA § 5-6-40. In his third enumeration of error, Carl asserts: (a) the trial court erred in excluding evidence of the separate transaction victim's prior sexual contact with Bodie, and (b) trial counsel provided ineffective assistance in failing to cite authority to support the introduction of such evidence. In his fourth enumeration of error, Carl asserts: (a) the trial court erred in admitting evidence of an alleged similar transaction because it was unduly prejudicial and did not bear sufficient indicia of reliability, and (b) trial counsel was ineffective for failing to request a Uniform Superior Court Rule 31.3 hearing. A statutory rule which is not consistently enforced ceases to be an effective rule. Because of the violation of the provisions of OCGA § 5-6-40, we will not review any of the errors asserted in these two enumerations of error. *Duggan v. State*, 225 Ga. App. 291, 297 (7) (483 SE2d 373) (1997); *Arrington v. State*, 224 Ga. App. 676, 677 (1) (482 SE2d 400) (1997); *White v. State*, 221 Ga. App. 860, 861 (1) (473 SE2d 539) (1996).

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 20, 1998 — ▮

*Strongwater & Cherniak, Leeza R. Cherniak*, for appellant.
*James R. Osborne, District Attorney*, for appellee.