## A00A1490. McGUIRE v. THE STATE.
(534 SE2d 549)

McMURRAY, Senior Appellate Judge.

Defendant James Lamar McGuire brings this appeal from his convictions by a Jasper County jury for voluntary manslaughter and possession of a firearm during the commission of a crime.[1] The superior court sentenced defendant to 15 years to serve.

1. Defendant argues that the evidence was insufficient to support the verdict for manslaughter for the failure of the State to prove "the element of intentional killing."

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[2]

Viewed in such light, the evidence shows that friends drove the victim home at about 9:30 p.m. in September 1997 after playing basketball and drinking together. As the victim arrived, he found his female friend putting his clothes out of the trailer he shared with her because of his involvement with another woman. Words were exchanged, and the victim's female friend called the police. When the police told her they could not respond, the victim's female friend called the defendant. The defendant told the victim to leave when he arrived, but the victim refused. Defendant went back to his trailer, returning three to four minutes later. Pushing, shoving, and more angry, loud words followed. One of defendant's friends got between the defendant and the victim in an effort to separate them. A gun was fired, and the victim fell to the ground. Although no witness saw who held the gun at the time it was fired, there was testimony that the defendant was standing over the victim after the shot was fired looking shocked while holding a pistol in his right hand "begging" the victim to get up while pushing the victim's hand with his foot.

Other evidence revealed that the defendant thereafter ran from the scene, returning eight to nine minutes later explaining, "The gun went off." In the first of two custodial statements admitted at trial, the defendant stated, "I don't own a gun. I don't remember where the gun came from." In the second such statement, the defendant recanted his earlier statement, admitting that he brought a gun to

---

[1] Defendant's convictions came upon a three-count indictment for murder (Count 1), felony murder (Count 2), and possession of a firearm during the commission of a felony (Count 3).

[2] *Swift v. State*, 229 Ga. App. 772, 773 (1) (495 SE2d 109).

the crime scene intending to scare the victim but indicated it had gone off accidentally.

The forensic pathologist who performed the autopsy on the victim's body testified that the victim died from a gunshot wound to the victim's chest fired from a range of three to four inches.

> A person commits voluntary manslaughter when he causes another person's death under circumstances which would otherwise be murder and acts solely as a result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. OCGA § 16-5-2 (a). A person's intent and whether [he] acted in the heat of passion with adequate provocation or with justification depend largely on the credibility of witnesses.[3]

We conclude that it was for the jury to determine whether the defendant intentionally shot the victim and if the shooting was in the heat of passion or with justification. "A jury has unlimited discretion to accept or reject a defendant's testimony as a whole, or to accept it in part and reject it in part."[4]

We conclude that the evidence is sufficient to support defendant's conviction.

> To support the verdict, circumstantial evidence must exclude only reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. Under this rule, the state is not required to remove every possibility of innocence of the crime charged.[5]

Though the defendant offered testimony that conflicted with the State's witnesses, the evidence was sufficient to enable a rational trier of fact to find defendant guilty of voluntary manslaughter beyond a reasonable doubt within the meaning of *Jackson v. Virginia*.[6]

2. The superior court did not err in permitting the State's forensic pathologist to testify even though the pathologist's name was not on the witness list the State provided the defendant before trial. "The witness list rule is designed to prevent a defendant from being surprised at trial by a witness that the defendant has not had an oppor-

---

[3] *Johnson v. State*, 236 Ga. App. 61, 63 (1) (510 SE2d 918), citing *Brown v. State*, 225 Ga. App. 218, 219 (483 SE2d 633).

[4] *Johnson v. State*, 236 Ga. App. at 63 (1), supra, citing *Wilson v. State*, 214 Ga. App. 378, 380 (2) (447 SE2d 709).

[5] (Citations omitted.) *Johnson v. State*, 236 Ga. App. at 63 (1), supra.

[6] 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

tunity to interview. [Cit.]"[7] Where, as here, the record shows that the State provided the defendant a copy of the pathologist's autopsy report before trial, that the defendant declined the superior court's offer of an opportunity to interview the pathologist before the pathologist testified at trial, seeking neither a continuance nor a mistrial, no harm or surprise is shown. Accordingly, this claim of error is without merit.

3. Defendant contends that the superior court erred in allowing certain pictures and a video into evidence in view of the State's failure to produce these in discovery. We disagree.

Defendant did not elect to engage in reciprocal discovery.[8] Defense counsel instead filed a *Brady v. Maryland*[9] motion and served the State's attorney with a notice to produce under OCGA § 24-10-26. Because the superior court concluded that the complained-of evidence was not exculpatory, the State's attorney was under no duty to open her file for defense counsel.[10] However, the evidence reveals that the State's attorney nonetheless allowed defense counsel to copy her entire file, revealing the existence of the discovery sought before trial, though defense counsel did not ask to view it. Further, at trial the superior court required that the video be shown for the benefit of defense counsel out of the presence of the jury. Defense counsel did not request a continuance. "Absent proof of prejudice to the defense and bad faith by the State, the trial court is not required to exclude the evidence and may offer the defendant lesser relief, including a continuance, to review the unproduced discovery. [Cits.]"[11] Under these circumstances, we conclude that the defendant has shown neither prejudice nor bad faith by the State in the case sub judice. Accordingly, the superior court did not err in declining to exclude the pictures and video of which defendant complains.[12]

4. Defendant further contends that the superior court erred in providing the jury a verdict form which was misleading because it required the jury "to find the [defendant] guilty or not guilty of every offense and lesser included offenses[ ]" and employed the words "guilty" and "not guilty" on its face. The record reflects that the defendant consented to the verdict form the superior court used but objected to it as confusing in the context of the charge thereon. Assuming, without deciding, that the verdict form was misleading as alleged, defendant has failed to show any harm inuring to his detri-

---

[7] *Mize v. State*, 269 Ga. 646, 653 (7) (501 SE2d 219).
[8] "[A] notice to produce cannot be used as a discovery tool to circumvent discovery reciprocity under the discovery act." *Farmer v. State*, 222 Ga. App. 506, 509 (2) (474 SE2d 711).
[9] 373 U. S. 83 (83 SC 1194, 10 LE2d 215).
[10] *Farmer v. State*, 222 Ga. App. at 508 (2), supra.
[11] *Valentine v. State*, 229 Ga. App. 791, 792 (3) (495 SE2d 116).
[12] Id.

ment thereon as he is required to do.[13]

The superior court pertinently instructed the jury: "[I]f you find the Defendant guilty of the offense charged or one of the lesser included offenses, then the other offenses would be marked *not guilty*. What you cannot do is find the Defendant guilty of more than one thing under one count. . . ." The court went on to charge the jury "if you find the Defendant guilty you can cross out the others. Anything that indicates what you have decided so that it is clear what you have decided as to each count." While it is conceivable that the verdict form might have been misleading as defendant contends, there is no indication that it was in fact, as the jury followed the superior court's instruction to the letter, finding the defendant guilty of voluntary manslaughter, crossing out all other options as to Counts 1 and 2. There was no request for recharge on this issue. Neither is there any indication that the jury perceived a preference in the superior court for a finding of guilty in that the verdict form consistently set out the word "guilty" before the words "not guilty."[14] Accordingly, this claim of error is likewise without merit.

5. In his final enumeration, defendant contends that the superior court erred in allowing the State's attorney to argue for the maximum permissible punishment upon the ground that the defendant exercised his right to trial by jury in lieu of entering a negotiated guilty plea. Contrary to defendant's claim of error by brief, the record shows that the State's attorney argued for the imposition of the maximum permissible punishment on the basis of defendant's lack of remorse as reflected by his failure to admit the crime of which he was convicted.[15] In *Isaacs v. State*,[16] the Supreme Court of Georgia pointed out that "the defendant's remorse or lack thereof is a permissible area of inquiry during sentencing." Error does not result upon allowing a jury to infer lack of remorse from the failure to admit guilt.[17] Even were this not the case, the superior court is presumed to know the law.[18] And inasmuch as the superior court sentenced

---

[13] *Adams v. State*, 264 Ga. 71, 76 (8) (440 SE2d 639).

[14] *Smith v. State*, 249 Ga. 228, 232 (5) (290 SE2d 43) (better practice is to omit the words "guilty" and "not guilty" from court-submitted verdict form to foreclose potential that jury might infer predisposition in trial judge).

[15] The State's attorney pertinently argued: "[B]ased on the seriousness of this crime and the lack of the Defendant's remorse in coming forward and freely and voluntarily admitting his guilt to this crime, that he be sentenced to the maximum amount allowed by law."

[16] *Isaacs v. State*, 259 Ga. 717, 723 (9) (386 SE2d 316).

[17] *High v. Zant*, 250 Ga. 693, 701 (14) (300 SE2d 654); accord 18 USCS Appx § 3E.1 (admitting conduct comprising offense pertinent to determining sentence in federal sentencing).

[18] *Cox v. City of Lawrenceville*, 168 Ga. App. 119-120 (1) (308 SE2d 224) ("Absent a showing to the contrary, the proceedings in the trial court are presumed to have been conducted in a regular and legal manner. [Cit.]").

defendant to less than the maximum permissible punishment,[19] there is no indication of prejudice in any event. The superior court therefore properly allowed the State's attorney to argue defendant's lack of remorse in the case sub judice.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED MAY 11, 2000.

*W. Dan Roberts,* for appellant.

*Fredric D. Bright, District Attorney, Shelley S. Tice, Assistant District Attorney,* for appellee.

---

[19] A person may be sentenced to imprisonment for not less than one nor more than twenty years upon conviction for voluntary manslaughter. OCGA § 16-5-2 (b). Here the superior court sentenced the defendant to 15 years to serve.