## A00A2210. MURRAY v. THE STATE.
### (543 SE2d 428)

MILLER, Judge.

Frederick Mashard Murray was indicted for murder and possession of a firearm during the commission of a crime, for the shooting death of Kevin Crumedy. After a bench trial, Murray was found guilty of voluntary manslaughter and the weapons charge. His motion for new trial was denied, and on appeal he enumerates only the general grounds.

Viewed in the light most favorable to the trial court's adjudication of guilt, the evidence revealed the following: Murray's girlfriend, Sharon Jones, was separated from her husband and had moved from Florida to Moultrie, Colquitt County, Georgia, to live with Murray. Jones testified that Murray was jealous of her friendship with the victim, a co-worker of hers, and that Murray had accosted the victim at work after discovering his telephone number in Jones's coat. After work, Murray hit Jones in the mouth with his fist and threatened her with a gun if she ever disrespected him like that again. Murray also threatened Jones that he would shoot the victim if Murray saw him on the street.

The next morning, Murray told Jones she might as well quit her job because it was going to be her last day and started playing with a gun in front of her, suggesting that he would shoot her when she got home from work. At work, the victim helped Jones to leave town on a bus. Escorted by her estranged husband and a police officer, Jones returned to Moultrie several days later to retrieve her belongings when Murray showed up at their house. Murray told Jones not to be afraid of him, yet displayed to her what appeared to be a new or different gun. Jones finished packing without further incident and departed. On her way out of town, she stopped at the victim's home. Murray drove up, walked over to where Jones, her husband, and the victim were standing, and greeted Jones and the victim. Murray que-

ried whether the victim recalled "all that stuff you [were] saying over there at [work]? And [the victim] said, yeah, what's up. . . . And [Murray] said, what? And he pulled out the gun and shot . . ." the victim once in the chest. Murray then told Jones to come with him and that he did it because he loved her and would do anything to keep her. Jones ran around the corner and never went back.

Murray testified that the victim admitted having a sexual relationship with Jones and that Jones told Murray she was pregnant and returning to Florida. When Murray came across Jones at the victim's apartment, the victim was "over her hugging on her." As Murray asked Jones what was going on, the victim intervened, telling Jones "you don't have to talk to that punk. . . ."

A person commits the offense of voluntary manslaughter when he causes the death of another human being "under circumstances which would otherwise be murder and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person."[1]

Adulterous conduct can serve as sufficient provocation authorizing a charge on voluntary manslaughter under OCGA § 16-5-2 (a).[2] And this rationale of sexual jealousy as provocation applies even though the parties to the relationship are not married to each other.[3] It is for the trier of fact to determine whether the chain of circumstances and conduct were sufficient to engender irresistible passion.[4] The evidence is sufficient under the standard of *Jackson v. Virginia*[5] to authorize the trial court's findings that Murray is guilty, beyond a reasonable doubt, of voluntary manslaughter and possession of a firearm during the commission of a crime.[6]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED DECEMBER 1, 2000.

*William R. Folsom*, for appellant.
*J. David Miller, District Attorney, Andrew W. Pope, Assistant District Attorney*, for appellee.

---

[1] OCGA § 16-5-2 (a).
[1] OCGA § 16-5-2 (a).
[2] *Strickland v. State*, 257 Ga. 230, 231-232 (2) (357 SE2d 85) (1987).
[3] *Goforth v. State*, 271 Ga. 700, 701 (1) (523 SE2d 868) (1999).
[4] *Campbell v. State*, 204 Ga. 399, 407 (1) (49 SE2d 867) (1948).
[5] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[6] *McGuire v. State*, 243 Ga. App. 899, 900 (1) (534 SE2d 549) (2000).