## A01A0081. HOLLAND v. THE STATE.
### (550 SE2d 433)

BLACKBURN, Chief Judge.

Paul M. Holland appeals the trial court's denial of his ineffectiveness of counsel claim arising out of his criminal conviction. A jury convicted Holland of homicide by vehicle in the second degree and improperly backing his vehicle into a roadway. In *Holland v. State,*[1] this Court found sufficient evidence to support those convictions but remanded the case solely for an evidentiary hearing on Holland's ineffective assistance of counsel claim. Subsequently, the trial court rejected the ineffectiveness claim, and we affirm that determination.

A defendant asserting ineffectiveness of counsel must prove that his counsel's representation fell below an objective standard of reasonableness and that a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Jones v. State.*[2] A trial court's determination that

---

[11] (Citations and punctuation omitted.) *Wooten v. State,* 262 Ga. 876, 880 (3) (426 SE2d 852) (1993).
[1] *Holland v. State,* 240 Ga. App. 169 (523 SE2d 33) (1999).
[2] *Jones v. State,* 230 Ga. App. 65 (495 SE2d 327) (1997).

a defendant was not denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous. *Bevil v. State.*[3]

To attempt to establish his ineffective assistance claim, Holland offered only the testimony of Daniel A. Summer, a criminal defense attorney, who was not present at trial and who reviewed only a portion of the trial transcript. In arriving at his conclusions, Summer focused his attention on the trial testimony of one particular prosecution witness, a State trooper. Summer was particularly critical of trial counsel's failure to object to remarks by Trooper Mark Perry that Summer felt were speculative, mere conjecture, or invaded the province of the jury as to the ultimate issue, the cause of the collision between the decedent's vehicle and Holland's wrecker. Summer thought the cross-examination of Perry was "good," so Holland's ineffectiveness claim essentially hinged on his trial counsel's "failures" to object to the admission of the accident report and to the content of Perry's testimony on direct. Summer concluded that "the cumulative effect [of trial counsel's multiple errors during the trooper's testimony] would be to deprive Mr. Holland of his Sixth Amendment right to effective assistance of counsel."

Summer admitted, however, that he did not review the entire trial transcript. He conceded that he had not read the defendant's testimony or seen the videotape shown to the jury or reviewed closing arguments. Summer testified, "I was given the direct and cross of the trooper and that's what I read."

After the hearing and additional briefing by the parties, the trial court denied Holland's second amended motion for new trial, finding that trial counsel's purported deficiencies were matters of trial strategy and tactics. The trial court expressly noted: "Having been present at the trial of this matter, and having reviewed the record of this proceeding, the Court finds that failure of trial counsel to raise objections to certain testimony and the choice not to call certain witnesses were a matter of trial strategy and as such do not constitute a constitutionally infirm defense."

We will not reverse on the basis of an ineffective assistance claim unless conduct by trial counsel so undermined the proper functioning of the adversarial process that the trial could not have produced a just result. *Mency v. State.*[4]

> Whether an attorney's trial tactics are reasonable "is a question of law," not fact. The test for reasonable attorney performance has nothing to do with what the best lawyers would

---

[3] *Bevil v. State*, 220 Ga. App. 1 (467 SE2d 586) (1996).
[4] *Mency v. State*, 228 Ga. App. 640, 642 (2) (492 SE2d 692) (1997).

have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . [W]e are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

(Citations omitted.) *Jefferson v. Zant.*[5]

Conflicting testimony was presented at trial on the issue of whether the decedent could have avoided the collision which took place near dusk. Holland hinged his defense primarily on the theory that the decedent had not been paying attention, or had been reading, or was otherwise distracted just before her car collided with his wrecker. In other words, the decedent's failure to fulfill her duty of maintaining a proper lookout while driving was the proximate cause of the accident. At the motion hearing, trial counsel explained, "[i]t was a long straight-of-way and she had every opportunity to avoid this accident and for whatever reason she just ran into his truck."

Eyewitness Franklin Andrew Brock testified that just before the impact, he noticed that she was not paying attention, was looking down into her lap, and did not brake at all. Brock, who was approaching from the opposite direction, stopped his car when he saw that a heavy-duty wrecker had backed out into the other lane of traffic.

One of three investigators at the scene, Deputy Wes Anderson, testified that the wrecker lacked side lights or reflective markers, implying that such lights could have helped to prevent the collision. Sergeant Dykes Dalrymple, of the Georgia Public Service Commission Enforcement Division, inspected the wrecker that same night. He determined that the wrecker did not have the side reflectors and side clearance lamps required by State law.

Trooper Perry, the chief investigator, videotaped the scene shortly after the incident occurred. Walking toward the wrecker from the victim's direction of travel, Perry taped the scene. Perry testified that the wrecker's rear axle along with its boom and tow bar projected out from a driveway into the roadway and that the victim's car plowed underneath the tow bar. Perry testified that he did not see anything on the truck to indicate its presence from the victim's direction of travel. This videotape filmed less than an hour after the fatal incident was viewed by the jury. A videocamera equipped with a time and date stamp and located in Trooper Mike Fortson's patrol car also filmed the accident scene. The victim's death was attributed to mas-

---

[5] *Jefferson v. Zant,* 263 Ga. 316, 318 (3) (a) (431 SE2d 110) (1993).

sive head injuries sustained in the collision.

1. Holland contends that his trial counsel's performance was deficient because the State was allowed to introduce without objection a blown-up version of the accident report. But deficiency without prejudice is not enough to establish an ineffective assistance claim since Holland had to show a reasonable probability that but for the deficiency the result of his trial would have been different. *Johnson v. State*.[6] In any event, the report at issue may actually have benefitted Holland. Certain details on the report meshed with Holland's defense that the decedent had been inattentive or was not paying close attention to her driving. According to that report, "[f]or some unknown reason, the driver of Vehicle 2 failed to see Vehicle 1 and struck it in the rear." The incident report also noted, "[t]here was no evasive maneuver by the driver of Vehicle 2." In these circumstances, Holland failed to show the requisite deficiency and prejudice. See *Jones*, supra.

2. Holland contends that his counsel failed to present evidence supporting notions that the deceased had not been taking her diabetes medication and may have lapsed into a diabetic coma. The decedent's medical history, including her diabetic condition and mental history, was addressed at the first motion for new trial hearing. Whether the victim was experiencing any symptoms relating to diabetes or to any other medical condition is speculative at best, especially since the collision occurred while the victim was able to maintain her car in a straight line and within her proper lane of travel. Regarding this allegation of ineffective assistance, Holland has not carried his burden of proving both the defect in his counsel's performance and the resulting prejudice to this case. See *Johnson*, supra.

3. Holland faults his counsel for not requesting a *Jackson-Denno* hearing as to comments he made at the scene. Even assuming arguendo that Holland had been in custody at the time he answered the investigator's questions, the transcript indicates that Holland provided only routine information. See *Knapp v. State*.[7] Holland was asked to give his name, date of birth, license, and insurance and to describe what happened. Holland did not admit fault, and nothing Holland said incriminated him any more than the scene, inasmuch as the rear end of Holland's heavy-duty wrecker was still in the street with the victim's car partly crushed underneath it.

4. Holland delineates 14 occasions occurring during Trooper Perry's testimony where Holland claims that his trial counsel should have posed objections. He claims that the trooper's testimony is

---

[6] *Johnson v. State*, 214 Ga. App. 404, 405 (1) (447 SE2d 711) (1994).
[7] *Knapp v. State*, 229 Ga. App. 175, 178 (4) (493 SE2d 583) (1997).

replete with legal conclusions, opinion, and speculation and even invades the province of the jury as to deciding the ultimate issue.

Defense counsel interjected six separate objections during Perry's testimony. Counsel's decision not to assert additional objections must be considered as part of trial strategy and tactics, and even if that decision was unwise, it did not constitute ineffective assistance of counsel. *Luallen v. State*.[8] Although Holland's expert testified about the cumulative effect of allowing objectionable testimony and the impossibility of "unring[ing] the bell," our law does not recognize that theory. See *Carl v. State*.[9] Because the so-called cumulative error doctrine is inapplicable, each claim of inadequacy must be examined independently of other claims, using the two-prong standard of *Strickland v. Washington*.[10] See *Johnson v. State*.[11] While Holland points out multiple instances where his counsel could purportedly have posed objections to the trooper's testimony, he failed to show how any one of these would satisfy both prongs of the *Strickland* standard. Since the trial court's determination that Holland received effective assistance of counsel was not clearly erroneous, we affirm. See *Jones*, supra at 67.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED JUNE 8, 2001.

*H. Bradford Morris, Jr.*, for appellant.
*Jerry Rylee, Solicitor-General, Michael K. Biglow, Larry A. Baldwin II, Assistant Solicitors-General*, for appellee.

---

[8] *Luallen v. State*, 266 Ga. 174, 177 (3) (b) (465 SE2d 672) (1996).
[9] *Carl v. State*, 234 Ga. App. 61, 65 (2) (g) (506 SE2d 207) (1998).
[10] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).
[11] *Johnson v. State*, 236 Ga. App. 61, 66 (3) (e) (510 SE2d 918) (1999).