[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 734 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 735 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 736 
 On Remand from the Alabama Supreme Court
Jerry Devane Bryant was convicted of murder made capital because it occurred during a kidnapping in the first degree. See § 13A-5-40(a)(1), Ala. Code 1975. By a vote of 11-1, the jury recommended that Bryant be sentenced to death. In accordance with the jury's recommendation, the circuit court sentenced Bryant to death.
On November 19, 1999, this Court affirmed Bryant's conviction and sentence. Bryant v. State, 951 So.2d 702-(Ala.Crim.App. 1999). Bryant petitioned the Alabama Supreme Court for certiorari review on February 11, 2000. The Supreme Court granted the petition, pursuant to former Rule 39(c), Ala.R.App.P.[2] On June 21, 2002, the Supreme Court affirmed Bryant's conviction, but reversed the sentence of death and remanded the case to this Court, holding that Bryant was entitled to a new sentencing proceeding because the circuit court's penalty-phase jury instructions implied that the jury could not recommend a penalty of life in prison without the possibility of parole instead of death unless the mitigating circumstances outweighed the aggravating circumstances. Exparte Bryant, 951 So.2d 724 (Ala. 2002). The Supreme Court overruled the State's application for rehearing on January 31, 2003.
In accordance with the Supreme Court's decision in Ex parteBryant, Bryant's sentence of death is reversed and this cause is remanded for the circuit court to conduct a new sentencing hearing before a jury. The circuit court should take the necessary action to ensure that the circuit clerk makes due return to this Court within 120 days from the date of this opinion, or as soon as practicable. *Page 737 
REVERSED AS TO SENTENCE AND REMANDED WITH DIRECTIONS.
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.
[2] Rule 39, Ala.R.App.P., was amended, effective May 19, 2000, as to death-penalty cases, changing the standard for certiorari review of criminal cases in which the death penalty is imposed. At the time Bryant's petition was filed, Rule 39(c) provided that a petition for a writ of certiorari to the Supreme Court in a case in which the death penalty was imposed would be granted as a matter of right.