[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 315 
The appellant, Torrey Twane McNabb, appeals the circuit court's summary dismissal of his Rule 32, Ala.R.Crim.P., petition for postconviction relief. On January 7, 1999, McNabb was convicted of two counts of capital murder for the killing of Montgomery Police Officer Anderson Gordon. The murder was made capital because it was committed while Officer Gordon was on duty, see § 13A-5-40(a)(5), Ala. Code 1975, and because it was committed while Officer Gordon was in his patrol car, see § 13A-5-40(a)(17), Ala. Code 1975. McNabb was also convicted of two counts of attempted murder. After a sentencing hearing, the jury recommended, by a vote of 10-2, that McNabb be sentenced to death for his capital-murder convictions. The trial court accepted the jury's recommendation and sentenced McNabb to death for his capital-murder convictions. The trial court also sentenced McNabb to 20 years' imprisonment for each count of attempted murder.
On direct appeal, this Court affirmed McNabb's convictions but remanded the case for the trial court to correct a deficiency in the capital-sentencing order. See McNabb v. State,887 So.2d 929 (Ala.Crim.App. 2001). On February 1, 2002, this Court affirmed McNabb's death sentence on return to remand. McNabbv. *Page 316 State, 887 So.2d at 989 (opinion on return to remand). On April 25, 2003, this Court overruled McNabb's application for rehearing. McNabb v. State, 887 So.2d at 994 (opinion on application for rehearing). McNabb petitioned the Alabama Supreme Court for certiorari review. On March 5, 2004, the Supreme Court affirmed the judgment of this court affirming McNabb's convictions and sentences, see Ex parteMcNabb, 887 So.2d 998 (Ala. 2004), and this Court issued a certificate of judgment on May 25, 2004. Thereafter, McNabb petitioned the United States Supreme Court for certiorari review. On November 29, 2004, the United States Supreme Court denied McNabb's petition for the writ of certiorari. SeeMcNabb v. Alabama, 543 U.S. 1005, 125 S.Ct. 606,160 L.Ed.2d 466 (2004).
On May 24, 2005, McNabb, with the assistance of counsel, filed a Rule 32 petition in the Montgomery Circuit Court. On June 16, 2005, the State filed an answer to McNabb's petition. On June 21, 2005, McNabb filed a motion seeking discovery of his educational records, any juvenile records pertaining to him, and any records with the Montgomery County Department of Human Resources pertaining to him or assorted family members. On August 11, 2005, the State filed a motion to summarily dismiss the petition. On August 26, 2005, McNabb filed a response to the State's motion to dismiss. On September 30, 2005, the circuit court conducted a hearing on the State's motion for summary dismissal of the petition. On November 8, 2005, the circuit court issued an order granting the State's motion for summary dismissal.[1] On December 7, 2005, McNabb filed a motion to reconsider the dismissal of his petition. On December 13, 2005, the circuit court denied McNabb's motion to reconsider. McNabb filed a timely notice of appeal on December 15, 2005.
 I.
McNabb first argues, as he did in his motion to reconsider the dismissal of his petition, that the circuit court erred in adopting the State's proposed order denying postconviction relief.
Initially, we question whether McNabb's argument satisfied the requirements of Rule 28(a)(10), Ala.R.App.P., which requires that an argument contain "the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on." Here, although McNabb cites legal authority for the general proposition that there is a heightened need for reliability in capital cases and that courts should be reluctant simply to adopt the prevailing party's proposed findings and conclusions of law, it is well settled that "[a]uthority supporting only `general propositions of law' does not constitute a sufficient argument for reversal." Beachcroft Props., LLP v. City of Alabaster,901 So.2d 703, 708 (Ala. 2004), quoting Geisenhoff v.Geisenhoff, 693 So.2d 489, 491 (Ala.Civ.App. 1997). Further, *Page 317 
his "argument" as to the order in the present case consists of the following:
 "Although the circuit court claimed to have thoroughly reviewed the issues before it, it is apparent that the court in fact simply adopted the State's proposed conclusions of law and findings of fact without scrutiny or substantive modification. The resulting order is arbitrary and unreasonable, factually and legally inaccurate and in direct violation of the Appellant's rights."
(McNabb's brief at p. 8.)
"It is not the job of the appellate courts to do a party's legal research. Nor is it the function of the appellate courts to `make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument.'" Pileri Indus., Inc. v. ConsolidatedIndus., Inc., 740 So.2d 1108, 1110 (Ala.Civ.App. 1999) (citations omitted). McNabb made no assertions in his initial brief as to what portions of the circuit court's dismissal order were arbitrary and unreasonable or cited any specific factual inaccuracies purportedly contained in the circuit court's order. Rather, not until his reply brief did McNabb aver that the circuit court improperly applied the burden of proof to the pleading stage. However, it is well settled that "new issues may not be raised for the first time in a reply brief." McCallv. State, 565 So.2d 1163, 1167 (Ala.Crim.App. 1990). "As a general rule, issues raised for the first time in a reply brief are not properly subject to appellate review." Ex partePowell, 796 So.2d 434, 436 (Ala. 2001). "[A]n appellant may not raise a new issue for the first time in a reply brief."Woods v. State, 845 So.2d 843, 846 (Ala.Crim.App. 2002). Here, McNabb did not present in his initial brief an argument as described in Rule 28(a)(10), Ala.R.App.P., and, therefore, we question whether his later — and bare — assertion that the circuit court improperly applied the burden of proof at the pleading stage of the petition is properly before this Court.
Moreover, even assuming that this claim is sufficiently argued for this Court to review, McNabb is not entitled to any relief on this claim. In addressing a similar issue, this Court has stated:
 "In Dobyne v. State, 805 So.2d 733, 741
(Ala.Crim.App. 2000), we addressed this same issue and stated:
 "`"`While the practice of adopting the state's proposed findings and conclusions is subject to criticism, the general rule is that even when the court adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous. Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); Hubbard v. State, 584 So.2d 895 (Ala.Cr.App. 1991); Weeks v. State, 568 So.2d 864 (Ala.Cr.App. 1989), cert. denied, [498] U.S. [882], 111 S.Ct. 230, 112 L.Ed.2d 184 (1990); Morrison v. State, 551 So.2d 435
(Ala.Cr.App.), cert. denied, 495 U.S. 911, 110 S.Ct. 1938, 109 L.Ed.2d 301 (1990).'
 "`"Bell v. State, 593 So.2d 123, 126
(Ala.Cr.App. 1991), cert. denied, 593 So.2d 123 (Ala.), cert. denied, 504 U.S. 991, 112 S.Ct. 2981, 119 L.Ed.2d 599 (1992)."'
"Quoting Jones v. State, 753 So.2d 1174, 1180
(Ala.Cr.App. 1999).
"As we more recently stated in Hyde v. State,950 So.2d 344, 371 (Ala.Crim.App. 2006):
 "`Hyde contends that the circuit court erred in adopting the State's proposed order. Specifically, he argues that there are numerous factual *Page 318 
and legal errors in the order that indicate that the order does not represent the court's own independent judgment, but shows a wholesale adoption of the State's proposed order without consideration of his claims. However, this Court has repeatedly upheld the practice of adopting the State's proposed order when denying a Rule 32 petition for postconviction relief. See, e.g., Coral v. State, 900 So.2d 1274, 1288 (Ala.Crim.App. 2004), overruled on other grounds, Ex parte Jenkins, 972 So.2d 159 (Ala. 2005), and the cases cited therein. "Alabama courts have consistently held that even when a trial court adopts verbatim a party's proposed order, the findings of fact and conclusions of law are those of the trial court and they may be reversed only if they are clearly erroneous." McGahee v. State, 885 So.2d 191, 229-30 (Ala.Crim.App. 2003).'"
Ingram v. State, [Ms. CR-03-1707, Sept. 29, 2006] ___ So.2d ___, ___ (Ala.Crim.App. 2006).
Having reviewed the pleadings, the argument at the hearing on the State's motion for summary dismissal of the petition, and the circuit court's order summarily dismissing the petition, and for reasons stated more fully in Parts II and III of this opinion, we hold that the circuit court's findings are not clearly erroneous; therefore, we find no reversible error in the circuit court's adoption of the State's proposed order.
 II.
McNabb next argues that summary dismissal of his ineffective-assistance-of-counsel claims was improper.
 "Rule 32.3 states that `[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.' Rule 32.6(b) states that `[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.' As this Court noted in Boyd v. State, 913 So.2d 1113 (Ala.Crim.App. 2003):
 "`"Rule 32.6(b) requires that the petition
itself disclose the facts relied upon in seeking relief." Boyd v. State, 746 So.2d 364, 406 (Ala.Crim.App. 1999). In other words, it is not the pleading of a conclusion "which, if true, entitle[s] the petitioner to relief." Lancaster v. State, 638 So.2d 1370, 1373
(Ala.Crim.App. 1993). It is the allegation of facts in pleading which, if true, entitles a petitioner to relief. After facts are pleaded, which, if true, entitle[s] the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala. R.Crim.P., to present evidence proving those alleged facts.'
 "913 So.2d at 1125. The burden of pleading under Rule 32.3 and Rule 32.6(b) is a heavy one. Conclusions unsupported by specific facts will not satisfy the requirements of Rule 32.3 and Rule 32.6(b). The full factual basis for the claim must be included in the petition itself. If, assuming every factual allegation in a Rule 32 petition to be true, a court cannot determine whether the petitioner is entitled to relief, the petitioner has not satisfied the burden of pleading under Rule 32.3 and Rule 32.6(b). See Bracknell v. State, 883 So.2d 724 (Ala.Crim.App. 2003). To sufficiently plead an allegation of ineffective *Page 319 
assistance of counsel, a Rule 32 petitioner not only must `identify the [specific] acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment,' Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), but also must plead specific facts indicating that he or she was prejudiced by the acts or omissions, i.e., facts indicating `that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' 466 U.S. at 694, 104 S.Ct. 2052. A bare allegation that prejudice occurred without specific facts indicating how the petitioner was prejudiced is not sufficient."
Hyde v. State, 950 So.2d 344, 355-56
(Ala.Crim.App. 2006). Further, we note that
 "To show that counsel's performance was deficient a petitioner must satisfy the test articulated by the United State Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). The petitioner must show: (1) that counsel's performance was deficient; and (2) that he was prejudiced by the deficient performance.
 "`Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. Cf. Engle v. Isaac, 456 U.S. 107, 133-134 (1982). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." See Michel v. Louisiana, [350 U.S. 91], at 101 [(1955)]. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.'
 "466 U.S. at 689. As the United States Supreme Court further stated:
 "`[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.'
 "466 U.S. at 690-91."
Ingram v. State, ___ So.2d at ___.
 A.
McNabb first argued in his petition that his trial counsel was ineffective because his statutory compensation was inadequate. *Page 320 
Other than merely listing this assertion, along with his other ineffective-assistance-of-counsel allegations, in his introductory statement of his ineffective-assistance-of-counsel claim, McNabb does not argue this ground on appeal as provided in Rule 28(a)(10), Ala. R.App. P.[2] Thus, this claim is deemed waived on appeal. See Hamm v. State,913 So.2d 460, 486 (Ala.Crim.App. 2002) ("Recitation of allegations without citation to any legal authority and without adequate recitation of the facts relied upon has been deemed a waiver of the arguments listed.").
Moreover, summary denial of this claim was proper because, as the circuit court found, McNabb failed to meet his burden of pleading sufficiently or with specificity facts to support his claim. See, e.g., Duncan v. State, 925 So.2d 245
(Ala.Crim.App. 2005) (summary denial of claim that counsel was ineffective as a result of inadequate compensation was proper where petitioner failed to allege how counsel's performance would have been different had the statutory compensation scheme been different). For these reasons, McNabb is not entitled to any relief on this claim.
 B.
McNabb contends that his trial counsel was ineffective in not seeking a change of venue because of what he contends was unduly prejudicial pretrial publicity. However, as the State noted in its answer to the petition and its motion to dismiss the petition, and as the circuit court noted in its order summarily dismissing the petition, the trial transcript indicates that counsel did seek a change of venue. The circuit court found:
 "McNabb's entire allegation rests on the premise that trial counsel failed to move for a change on venue; however, the record clearly shows that trial counsel filed a written motion for a change of venue and again raised the issue of a change of venue on January 4, 1999. (C. 43-45; R. 1646.) Thus, this claim is clearly refuted by the trial record and without merit."
(C. 157.) We have reviewed the record on direct appeal, and it supports the circuit court's findings. Counsel filed a motion for change of venue before trial and, following voir dire of the venire, trial counsel again moved for a change of venue; the trial court denied those motions. Clearly, "[t]rial counsel is not ineffective for having an objection overruled or a motion denied." Boyd v. State, 746 So.2d 364, 402
(Ala.Crim.App. 1999). Thus, because this claim was clearly refuted by the record, summary denial was proper pursuant to Rule 32.7(d), Ala. R.Crim. P. See Duncan v. State,925 So.2d 245 (Ala.Crim.App. 2005) (adopting trial court's findings that summary dismissal of petition was proper where the claims were refuted by the record on direct appeal).
Further, to the extent that McNabb has couched his claim on appeal in terms of counsel not "adequately" seeking a change of venue, we note that McNabb did not assert in his petition that counsel had made some efforts seeking a change in venue but that those efforts were inadequate. Rather, in his petition, *Page 321 
McNabb asserted that trial counsel made no efforts seeking a change of venue, arguing that counsel "never sought to have the case transferred to another venue so as to avoid the unmistakable prejudice." (C. 16.) (Emphasis added.) Thus, to the extent that he challenges for the first time on appeal the adequacy of the efforts undertaken by counsel in seeking a change of venue, that claim is not properly before this Court. See Arrington v. State, 716 So.2d 237, 239
(Ala.Crim.App. 1997) ("An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition."). For these reasons, McNabb is not entitled to any relief on this claim.
 C.
McNabb also argues that his trial counsel was ineffective for not securing and sufficiently utilizing appropriate expert witnesses at his trial. Specifically, McNabb argues on appeal, as he did in his petition, that trial counsel was ineffective for not hiring a forensic social worker to conduct an extensive social history and background investigation on McNabb to learn of the drug addiction, violence, and abandonment he encountered during his childhood, and a mitigation expert to fully present McNabb's history of academic, behavioral, emotional, and substance-abuse problems.
In its order dismissing the petition, the circuit court found:
 "a. McNabb's claim that trial counsel were ineffective for failing to procure a forensic social worker is dismissed.
 "In claim I.B.2.a., paragraph 23, McNabb claims that counsel were ineffective for failing to obtain a `forensic social worker.' He alleges that `[a] forensic social worker would have conducted an extensive social history and background on Mr. McNabb that would have revealed a wealth of information on Mr. McNabb's childhood — a childhood that included drug addiction, violence and abandonment.' (Pet. 15.)
 "This claim is dismissed because it is not sufficiently specific. Ala.R.Crim.P. 32.6(b). McNabb has not pleaded the name of any forensic social worker who would have testified at trial. See Woods v. State, [957 So.2d 492] (Ala.Crim.App. 2004) (because Woods failed to identify any experts by name, the trial court correctly determined that his petition was not sufficiently specific[, reversed on other grounds by Ex parte Woods, 957 So.2d 533
(Ala. 2006)]; Duncan v. State, [925 So.2d 245, 260-63 (Ala.Crim.App. 2005)] (same). He has not specifically stated what evidence the forensic social worker would have uncovered. Nor has he alleged any facts that would reveal any aspects of his childhood of which trial counsel were unaware. Furthermore, McNabb has not alleged how the employment of a forensic social worker would have altered or enhanced trial counsel defense theory. Finally, he has utterly failed to allege any facts that, if proven, would establish prejudice under Strickland. See Boyd [v. State, 913 So.2d 1113
(Ala.Crim.App. 2003)]; Bracknell [v. State, 883 So.2d 724, 728 (Ala.Crim.App. 2003)]. For these reasons, this claim is insufficiently pleaded and is summarily dismissed. Ala. R.Crim.P. 32.6(b).
 "Alternatively, this claim is dismissed because no material issue of law or fact exists that would entitle McNabb to relief. Ala. R.Crim. P. 32.7(d). This Court finds that the information McNabb alleges a forensic social worker would have uncovered — `a childhood that included drug addiction, violence and abandonment' — was known by trial counsel and presented at trial. (Pet. 15; *Page 322 
R. 2183-2206.) Thus, there is no probability, much less a reasonable probability, that discovering the same information from two different sources would have enhanced trial counsel's ability `to make important decisions about the defense strategy,' as McNabb claims. (Pet. 16.) Furthermore, any testimony by a forensic social worker regarding McNabb's childhood would have been cumulative to the testimony that McNabb himself thoroughly provided. (R. 2183-2284.)
 "As the Alabama Court of Criminal Appeals has stated many times, `[u]npresented cumulative testimony does not establish that counsel was ineffective.' See Pierce v. State, 851 So.2d 558, 582
(Ala.Crim.App. 1999), rev'd on other grounds, 851 So.2d 618 (Ala. 2002), Boyd v. State, [913 So.2d at 1139]; Dobyne v. State, 805 So.2d 733, 755
(Ala.Crim.App. 2000) (cumulative evidence would not have affected appellant's sentence); Robinson v. State, 361 So.2d 1172, 1175 (Ala.Crim.App. 1978) (`No ineffective representation results where trial counsel fails to call witnesses whose testimony would only be cumulative. . . .'). Because the information McNabb alleges a forensic social worker would have provided trial counsel was in fact known by trial counsel and because the testimony a forensic social worker would have provided would have been, at most, cumulative, this Court finds that McNabb has failed to state a claim and failed to raise a material issue of fact or law. Thus, this claim is dismissed. Ala. R.Crim.P. 32.7(d).
 "b. McNabb's claim that trial counsel were ineffective for failing to procure and effectively utilize a mitigation expert is dismissed.
"In claim I.B.2.b., paragraphs 24 through 26, McNabb claims that trial counsel were ineffective for failing to obtain a `mitigation expert' and failing to adequately prepare and utilize Stanley Brodsky.
 "This claim is dismissed because it is not sufficiently specific. Ala.R.Crim.P. 32.6(b). McNabb makes merely a bare allegation that a mitigation expert's `testimony would have fit perfectly with trial counsel's theory of defense — namely cocaine intoxication.' (Pet. at p. 18.) He has not offered in his petition to what the mitigation expert would have testified or how he would have aided the defense strategy. McNabb's only attempt to allege how a mitigation expert would have aided his defense is his statement that the mitigation expert would have aided in presenting four general characteristics on McNabb's background — academic history, behavioral history, emotional history, and substance abuse history. (Pet. 16.) These general allegations, however, fail to meet the specificity requirements of Rule 32.6(b) of the Alabama Rules of Criminal Procedure. Furthermore, McNabb's allegation that trial counsel failed to properly utilize Stanley Brodsky is not pleaded to the specificity required by Rule 32.6(b) of the Alabama Rules of Criminal Procedure. Although the petition states that Stanley Brodsky is a `Ph.D.,' it does not state what field or specialty his `Ph.D.' supports or how he qualifies to be a `mitigation expert.' Additionally, McNabb has failed to allege what information Brodsky, or any other mitigation expert, would have uncovered had he been contacted early in the investigation. Finally, he has not pleaded how Brodsky's, or any other mitigation expert's, testimony would have changed the outcome of the guilt or penalty phases.[2] Thus, this claim completely fails to meet the specificity requirements of Rules 32.3 and 32.6(b) of the Alabama *Page 323 
Rules of Criminal Procedure and is dismissed. See Woods, [957 So.2d at 517]; Duncan, [925 So.2d at 260-63].
 "Alternatively, this claim is dismissed because no material issue of fact or law exists that would entitle McNabb to relief, Rule 32.7(d), Ala.R.Crim.P. 32.7(d). McNabb, himself, thoroughly testified regarding the mitigation evidence to which he now claims a mitigation expert should have testified. Further, trial counsel did hire an expert, John Holbrook, who testified directly to the defense's claim of cocaine paranoia. (R. 2184-2206; 2296-2326.) Any further testimony regarding McNabb's deprivations and addictions would have been, at most, cumulative, and counsel cannot be ineffective for failing to present cumulative evidence. Pierce v. State, 851 So.2d 558, 582 (Ala.Crim.App. 1999), rev'd on other grounds, 851 So.2d 618 (Ala. 2002); Boyd, [913 So.2d at 1139]; Dobyne v. State, 805 So.2d 733, 755 (Ala.Crim.App. 2000); Robinson v. State, 361 So.2d 1172, 1175 (Ala.Crim.App. 1978). Thus, this allegation fails to state a claim upon which relief may be granted and is summarily dismissed. Ala.R.Crim.P. 32.7(d).
 ___
 "[2] McNabb alleges that trial counsel was ineffective for failing to enlist the aid of a mitigation expert in the guilt phase of the trial; however, this Court has determined that this claim is insufficiently pleaded to establish entitlement of relief in either the guilt or penalty phases of the trial."
(C. 161-64.) The circuit court's findings are supported by the record, and we adopt those findings for purposes of this opinion. In addition to the circuit court's findings, we note that McNabb made only the bare and conclusory assertion that "a capital murder defendant is never his own best witness." (C. 17; McNabb's brief at p. 16.) However, he has failed to support that bare assertion with any facts or argument indicating why he contends his testimony as to his childhood and cocaine usage was inadequate. For these reasons, summary denial of this claim was proper.
 D.
McNabb next contends that his trial counsel was ineffective for not objecting to what he contends was improper victim-impact testimony at the guilt phase of his trial.
 "The trial court erred in dismissing [McNabb's] claim that Defense counsel failed to adequately protect his constitutional rights when trial counsel failed to object when the prosecutor used victim impact evidence to gain a conviction. The State called Ms. Selena Gordon, the mother of the victim, as their first witness during the guilt phase of the trial. (R. 1749-1759.) Ms. Gordon testified about the victim's five month old daughter, stating `She'll never know her daddy because of him. (Looking at [McNabb])' (R. 1750.); when she had last seen the victim (R. 1757.); the victim's habit of coming to visit his mother `nearly daily' (R. 1751.); the victim's intentions of returning to his mother's house after his shift ended to fix a leaky faucet (R. 1754.); and the fact that she never got to talk to her son again following lunch on the day he was killed (R. 1755.) Remarks about the victim have no place in a trial where on the one hand a defendant's life or his liberty is involved, and on the other the proper administration of the law is concerned. See Arthur v. State, 575 So.2d 1165, 1185 (Ala.Crim.App. 1990). Trial counsel's failure to object to this extended victim impact testimony constituted ineffective assistance of counsel. This failure prejudiced [McNabb], by creating passion *Page 324 
and prejudice among the jury. The trial court erred in dismissing this claim under Rule 32.7(d)."
(McNabb's brief at p. 19-20.)
Initially, we note that the circuit court found, in its order summarily dismissing the petition, that McNabb's claim was not sufficiently pleaded pursuant to Rule 32.6(b), Ala.R.Crim.P.:
 "This claim is dismissed pursuant to Rule 32.6(b) of the Alabama Rules of Criminal Procedure because it is not sufficiently specific. Ala. R.Crim. P. 32.6(b). McNabb has merely made a bare allegation that his counsels' failure to object `creat[ed] passion and prejudice among the jury.' (Pet. at p. 19.) Furthermore, he has failed to plead how counsels' failure to object to alleged victim-impact evidence prejudiced him under Strickland v. Washington, 466 U.S. 668 (1984). Thus, he has failed to meet his burden of pleading specific facts that would entitle him to relief, and this claim is dismissed. Ala. R.Crim. P. 32.6(b); Duncan [v. State, 925 So.2d 245 (Ala.Crim.App. 2005)]."
(C. 165.) Admittedly McNabb's prejudice argument is conclusory in nature. For example, he did not aver what passion or prejudice ensued, how many jurors, if any, were affected by the testimony, or how the outcome of his trial would likely have been different had counsel objected to the testimony. However, we question whether this claim was the proper subject of dismissal for failure to plead sufficiently specific facts pursuant to Rule 32.6(b), because McNabb's claim, although certainly not the model of perfect pleading, is arguably minimally sufficient to survive the pleading requirements.
Regardless, we need not determine whether the claim was pleaded sufficiently or with specificity because, for the reasons we now set out, we conclude that the alternative finding by the circuit court was correct. In addition to dismissing the claim for noncompliance with the pleading requirement, the circuit court stated:
 "Alternatively, this claim is dismissed because no material issue of law or fact exists that would entitle McNabb to relief. Ala.R.Crim.P. 32.7(d). He alleges that trial counsel should have objected to Ms. Gordon's testimony that `the victim's five month [old] daughter [will] never know her daddy because of [McNabb]; when [Ms. Gordon] last [saw] the victim; the victim's habit of coming to visit his mother "nearly daily"; the victim's intentions of returning to his mother's house after his shift ended to fix a leaky faucet; and the fact that she never got to talk to her son again. . . .' (Pet. 18-19.) However, Alabama Courts have repeatedly held that although victim-impact evidence is improper in the guilt phase of a trial, `[i]t is presumed that jurors do not leave their common sense at the courthouse door. It would elevate form over substance for us to hold, based on the record before us, that [the appellant] did not receive a fair trial simply because the jurors were told what they probably had already suspected — that [the victim] was not a "human island," but a unique individual whose murder had inevitably had a profound impact on her children, spouse, parents, friends, or dependents.' Calhoun v. State, [932 So.2d 923, 969] (Ala.Crim.App. 2005) (citing Payne v. Tennessee, 501 U.S. 808, 838 (1991)); Ex parte Rieber, 663 So.2d 999, 1006 (Ala. 1995); McGowan v. State, 990 So.2d 931, 977
(Ala.Crim.App. 2003); Centobie v. State, 861 So.2d 1111, 1132 (Ala.Crim.App. 2001). This Court finds that there is no probability, much less a reasonable probability, that had that testimony been excluded the jury would have acquitted *Page 325 
McNabb. With the overwhelming evidence that was presented at trial that established McNabb's guilt, this Court finds that testimony alerting the jury to the fact that Officer Gordon had a family and would be missed, a fact of which the jury must have been aware, was not a factor in the jury's consideration and simply had no effect on the outcome of the trial.
 "Because the alleged victim impact evidence had no effect on the jury's verdict, there is no reasonable probability that an objection by counsel would have changed the outcome of the trial. Therefore, McNabb has failed to state a material issue of law or fact that entitles him to relief, and this claim is dismissed. Ala. R.Crim. P. 32.7(d)."
(C. 165-66.) The record supports the circuit court's findings, and we adopt them as part of this opinion.
Further, although we recognize that a finding of no plain error does not as a matter of law preclude a petitioner from establishing prejudice under Strickland, see Exparte Taylor, [Ms. 1040186, Sept. 30, 2005] — So.2d ___ (Ala. 2005), we note that the Alabama Supreme Court, inEx parte Taylor, cited with approval its opinion inEx parte Thomas, 766 So.2d 975 (Ala. 2000):
 "In Thomas v. State, 766 So.2d 860
(Ala.Crim.App. 1998), the Court of Criminal Appeals first stated its position that a finding of no plain error on direct appeal precluded a finding of prejudice under Strickland in a subsequent post-conviction proceeding. In Ex parte Thomas, 766 So.2d 975 (Ala. 2000), this Court affirmed the judgment of the Court of Criminal Appeals, but it did not affirm that specific holding. We stated:
 "`In the case before us, the failure of the defendant-petitioner's trial counsel to preserve error for the failure of the trial court to instruct the jury on the lesser included offense of manslaughter relegated the defendant-petitioner to the plain-error rule, which increased the burden on the defendant-petitioner to prove prejudice. Ex parte Woodall, 730 So.2d 652, 657 (Ala. 1998); Kuenzel v. State, 577 So.2d 474, 489
(Ala.Crim.App. 1990), aff'd 577 So.2d 531 (Ala. 1991), aff'd 502 U.S. 886, 112 S.Ct. 242, 116 L.Ed.2d 197
(1991); and Ex parte Kennedy, 472 So.2d 1106, 1111 (Ala. 1985) (a failure to object at trial, while not precluding our review, will weigh against any claim of prejudice). Indeed, plain error review apparently availed the defendant-petitioner nothing on his direct appeal, for neither the Court of Criminal Appeals nor this Court even mentioned the issue of the failure of the trial court to instruct the jury on the lesser included offense of manslaughter in the respective opinions at that stage. Thomas v. State, [539 So.2d 375 (Ala.Crim.App. 1988)], and Ex parte Thomas, [539 So.2d 399 (Ala. 1988)].
 "`. . . .
 "`The issue of whether trial defense counsel's not preserving error and thereby relegating the defendant-petitioner to plain-error review prejudiced the defendant-petitioner depends on whether he would have obtained a reversal and a new trial (an obviously better result) if his trial defense counsel had preserved the error for review. For the reasons we will explain, we conclude that even a preserved-error review of this particular issue would not have availed the defendant-petitioner a reversal and therefore the failure by trial defense counsel to preserve the error did not prejudice the defendant-petitioner. *Page 326 
 In other words, the result would have been the same in either event because, under the particular facts and circumstances of this case, had trial defense counsel preserved the error, the appellate courts would have recognized the error but would not have found prejudice that required reversal'
"766 So.2d at 979."
Ex parte Taylor, ___ So.2d at ___.
Here, in our opinion on return to remand in McNabb's direct appeal, this Court noted that we found "no error, plain orotherwise, in the guilt phase of the proceedings. . . ."McNabb, 887 So.2d at 990 (emphasis added). Thus, we did not limit our findings to the lack of plain error, but rather we found no error, a finding which includes a preserved-error review. Therefore, we have already determined that "`even a preserved-error review of this particular issue would not have availed the defendant-petitioner a reversal and therefore the failure by trial defense counsel to preserve the error did not prejudice the defendant-petitioner. In other words, the result would have been the same in either event because, under the particular facts and circumstances of this case, had trial defense counsel preserved the error, the appellate courts would have recognized the error but would not have found prejudice that required reversal.'" Ex parteTaylor, ___ So.2d at ___, quoting Ex parte Thomas,766 So.2d at 979.
The circuit court's alternative finding is supported by legal authority and by the record, and, further, by the virtue of our previous determination that there was no reversible error, plain or otherwise. For these reasons McNabb is not entitled to any relief on this claim.
 E.
McNabb further argues that his trial counsel was ineffective for not objecting to what he contends was the improper presentation of a nonstatutory aggravating circumstance — i.e., future dangerousness — to the jury. Specifically, he contends that counsel should have objected when the prosecutor elicited testimony during trial and then again averred during closing arguments that McNabb had admitted killing Officer Gordon and had stated that he would shoot him again. According to McNabb, this testimony and argument constituted improper indicia of "future dangerousness."
In its order dismissing the petition, the circuit court found with regard to this claim:
 "In claim 1.13.4., paragraphs 28 through 29, McNabb claims that his trial counsel were ineffective for failing to object to the testimony of and the State's argument regarding his admission to Michael Dean Paluch which McNabb alleges introduced the nonstatutory aggravating circumstance of `future dangerousness.' During the guilt phase of the trial, Paluch testified that McNabb told him, `I shot the mother fucker. I'd shoot that mother fucker again. I don't give a fuck about that man.' (R. 2339.) McNabb now claims that this guilt phase testimony was offered to show future dangerousness, a nonstatutory aggravator. McNabb's argument is without merit.
 "Having presided at McNabb's trial, this Court finds that Paluch's testimony was not offered to establish the nonstatutory aggravating circumstance of future dangerousness. On the contrary, this testimony was offered to show McNabb's state of mind and to rebut the defense's theories that McNabb shot Officer Gordon in self-defense and that *Page 327 
McNabb did not have the requisite intent to kill due to cocaine intoxication. As such, Paluch's testimony was properly admitted and unobjectionable. Therefore, trial counsel could not have made a legitimate objection to Paluch's testimony, and he was not ineffective for failing to do so.
 "Because the record refutes McNabb's claim that the prosecutor offered the nonstatutory aggravating circumstance of future dangerousness in the form of Paluch's testimony and because Paluch's testimony was clearly admissible to rebut McNabb's defenses, his trial counsel could not have been ineffective for failing to object to this admissible testimony."
(C. 167.)
We have carefully reviewed the pleadings and the record on direct appeal; the record supports the circuit court's findings. The defense's strategy was to attempt to prove that McNabb killed Officer Gordon while in the throes of a cocaine-induced paranoia. Only after the defense presented evidence supporting this theory, including expert testimony regarding cocaine-induced paranoia and McNabb's own testimony of his state-of-mind and drug use at the time of the shootings, did the State call Michael Dean Paluch to testify as to McNabb's alleged statements that he would shoot Officer Gordon again. Similarly, taken in context, the prosecutor's remarks during rebuttal closing arguments were in response to McNabb's closing arguments that the events leading to the shootings had unfolded while McNabb was in a state of cocaine-induced paranoia and, further, attacked Paluch's credibility. The State, which had argued extensively during its initial closing remarks that McNabb's actions were intentional but had not mentioned McNabb's statement to Paluch, again focused the bulk of its rebuttal arguments on the question of McNabb's intent and claims that he acted while he was in a cocaine-induced paranoia, and only mentioned Paluch's testimony, when read in the context of the entire closing remarks, in conjunction with the assertion that McNabb had acted knowingly and with intent rather than while in a cocaine-induced paranoia. Thus, the basis on which McNabb now contends defense counsel should have objected has no foundation in the record. Clearly "counsel could not be ineffective for failing to raise a baseless objection." Bearden v.State, 825 So.2d 868, 872 (Ala.Crim.App. 2001). Therefore, summary denial of this claim was proper.
 F.
McNabb next contends that the circuit court erroneously determined that he had failed to meet his burden of pleading with specificity his claim that counsel was ineffective at the penalty phase of the trial. Specifically, McNabb identified the following claims as being improperly dismissed as insufficiently pleaded:
 "(1) trial counsel's ineffectiveness by failing to secure the services of a social worker and a mitigation expert; (2) ineffectiveness by failing to give a coherent closing argument at the conclusion of the penalty phase; (3) ineffectiveness by failing to independently investigate mitigation evidence crucial to [McNabb's] defense; and (4) ineffectiveness by failing to properly present mitigation evidence during the penalty phase of [McNabb's] trial."
(McNabb's brief at p. 24.)
 1.
With regard to McNabb's assertion that trial counsel was ineffective at the penalty phase for failing to secure a social worker and a mitigation expert, we have resolved *Page 328 
that claim adversely to McNabb earlier in this opinion. For the reasons stated in Part II.C. of this opinion, McNabb is not entitled to any relief on this claim.
 2.
With regard to McNabb's contention that counsel was ineffective "by failing to give a coherent closing argument at the conclusion of the penalty phase" (McNabb's brief at p. 24), he has presented no argument on appeal in support of that assertion. "An appellate court will consider only those issues properly delineated as such and will not search out errors which have not been properly preserved or assigned. This standard has been specifically applied to briefs containing general propositions devoid of delineation and support from authority or argument." Ex parte Riley, 464 So.2d 92, 94 (Ala. 1985) (citations omitted). "[W]e are not required to consider matters on appeal unless they are presented and argued in brief with citations to relevant legal authority." Zasadil v. City ofMontgomery, 594 So.2d 231, 231 (Ala.Crim.App. 1991). McNabb has not presented any argument as to what counsel could have or should have argued, or what counsel actually argued in closing remarks at the penalty phase, nor has he cited any relevant legal authority regarding the relationship between effective assistance of counsel and closing remarks, or closing remarks in general. Thus, this claim is deemed waived. See Hamm v.State, 913 So.2d at 486 ("Recitation of allegations without citation to any legal authority and without adequate recitation of the facts relied upon has been deemed a waiver of the arguments listed.").
Moreover, even if properly argued, McNabb would not be entitled to any relief on this claim. In its order summarily dismissing this claim, the circuit court found:
 "In claim I.C.4., paragraph 52, McNabb alleges that his counsel presented an `incoherent closing argument' in the penalty phase that prejudiced him. This claim is dismissed because it is not sufficiently specific. Ala. R.Crim. P. 32.6(b).
 "McNabb has merely made a bare allegation that counsel's argument was incoherent and prejudiced him. McNabb has completely failed to plead what trial counsel should have argued differently and has failed to plead in his petition how he was prejudiced by the argument that was made. Therefore, he has failed to meet his burden of full factual pleading, and this claim is dismissed. Ala. R.Crim. P. 32.6(b); see Duncan, [925 So.2d at 275]; see also Payne v. State, 791 So.2d 383, 405
(Ala.Crim.App. 1999) (`A defense attorney is not ineffective solely because his client is sentenced to death.').
 "Alternatively, as presiding judge at McNabb's trial, this Court finds that in light of the overwhelming evidence presented by the State and the cold-blooded manner in which McNabb murdered Officer Gordon, trial counsel's closing argument was not only coherent, but effective. Trial counsel argued multiple mitigating circumstances: the circumstances surrounding the crime (R. 2684-88.), McNabb's use of and addiction to cocaine (R. 2688-2691.), no prior felony crimes of violence (R. 2690.), the capacity to appreciate the criminality of his conduct or conform his conduct to the requirements of the law was substantially impaired (R. 2691-92.), his age (R. 2695-96.), and his background (R. 2692-94.) Additionally, trial counsel thoroughly argued that the State had not met its burden of proving beyond a reasonable doubt any of the three submitted aggravating circumstances (R. 2664-78.) *Page 329 
This Court finds that trial counsel's closing argument during the penalty phase was effective and no further proceedings are necessary. Ex parte Hill, 591 So.2d 462, 463 (Ala. 1991)."
(C. 173-74.) The circuit court's findings are supported by the record, and we adopt them as a part of this opinion.
 3.
With regard to McNabb's contention that counsel was ineffective for not independently investigating or presenting mitigation evidence of McNabb's childhood at the penalty phase of his trial, McNabb is not entitled to any relief.
In his petition and on appeal, McNabb provides a lengthy description of what he contends summarized his childhood: that he lived in a public-housing project with a number of family members; that his mother was a drug addict who prostituted herself to support her drug habit and that she was absent much of the time; that his father was in prison part of the time and when he returned McNabb was exposed to his father's drug use and violent relationship with his girlfriend, including stabbing and being stabbed by his girlfriend; that he had problems in school, both behavioral and educational; that the only stable adult figure in his life, his grandmother, moved to Florida when he was young; that his mother's live-in boyfriend recruited him to sell drugs; that he and his sister were abandoned when their mother moved away when he was 15 years old; that he and his sister continued to live in the housing project until their mother's absence was discovered and they were evicted when he was 16 years of age; and that he essentially lived in assorted places with different relatives until he killed Officer Gordon. According to McNabb, his own testimony at the guilt phase of his trial provided nothing more than "a skeletal outline of his childhood and, when balanced against his testimony of self-defense and other guilt phase issues, may well not have been given any credit by the jury" (McNabb's brief at p. 29-30). However, we note that McNabb has not indicated what additionaldetails could have been or should have been investigated and presented at the penalty phase of his trial.
Moreover, it is clear that McNabb's tumultuous childhood was portrayed in far greater detail than a skeletal outline. The circuit court found in its order summarily dismissing the petition, as follows:
 "In claim I.C.I.; paragraphs 32 through 38, McNabb claims that counsel were ineffective for not investigating his background — family life, social history, mental health history, educational history, employment history, and correctional history — through interviews with family members, teachers, social workers, and probation officers, and obtaining records. He also alleges that counsel were ineffective for not obtaining `medical and mental health experts' for the penalty phase.
 "This claim is dismissed because McNabb has not met his burden of pleading with specificity. Ala. R.Crim. P. 32.6(b). Although McNabb alleges that his trial counsel were ineffective for failing to investigate mitigation evidence, he has not alleged in his petition any mitigation evidence that trial counsel should have uncovered. See Hunt v. State, [940 So.2d 1041, 1060] (Ala.Crim.App. Aug.26, 2005) (quoting Thomas v, State, 766 So.2d 860, 892
(Ala.Crim.App. 1998) (citing Nelson v. Hargett, 989 F.2d 847, 850 (5th Cir. 1993)) (`Claims of failure to investigate must show with specificity what information would have been obtained with investigation, and whether, assuming the evidence is admissible, its admission would have produced a *Page 330 
different result.')); Woods, [957 So.2d 492]. In fact, at the September 30, 2005, hearing held on the State's motion to dismiss McNabb's petition, his counsel admitted that he does not know whether trial counsel investigated any mitigation evidence or to what extent they may have investigated claims."
(C. 168-69.) The circuit court further found:
 "In claim I.C.2., paragraphs 39 through 47, McNabb claims that trial counsel were ineffective for failing to present mitigating evidence. This claim is dismissed because no material issue of law or fact exists that would entitle McNabb to relief. Ala. R.Crim. P. 32.7(d). This Court finds that the information McNabb alleges his family members or former teachers could have provided to the jury was, in fact, presented through McNabb's own testimony. (R. 2183-2284.) McNabb testified that he was addicted to cocaine at the time of the murder and that he had been addicted to cocaine for one to two years prior to the murder. (R. 2184.) He thoroughly and vividly described his drug use and his uses progression to addiction. (R. 2196-98.) He testified that his mother had been addicted to drugs for as long as he could remember, and he began using drugs when he was fourteen or fifteen years old. (R. 2185.)
 "McNabb testified that he lived in Gibbs Village [a public housing project] with his grandmother, mother, siblings, aunts, and cousins. (R. 2186.) He informed the jury that there were nine to ten people living in the two-bedroom apartment in Gibbs Village. (R. 2186.)
 "McNabb informed the jury that his father was in prison during his childhood. (R. 2189.) He also testified that his paternal family would take him to visit his father in prison when he was a child. (R.2189.)
 "McNabb thoroughly explained to the jury that his mother was rarely around, that she received welfare checks, and that she probably wasted the welfare money on drugs. (R. 2186-87.) He also explained that as a child he would find his mother in various crack houses. (R. 2186-87.) McNabb further testified that his mother did not provide for the family and that she spent all of the money that she received on drugs. (R. 2186-87, 2193.) Through his testimony, McNabb informed the jury that he, himself, had to provide for the family, using the money he earned from selling drugs to buy food for his siblings and to buy drugs to feed his own habit. (R. 2193-94.)
 "McNabb testified that when his grandmother moved to Florida, Keith Chainey (hereinafter `Chainey') moved into their apartment in Gibbs Village. (R. 2188.) He told the jury that Chainey was a drug dealer who eventually convinced McNabb to sell crack cocaine for him. (R. 2189, 2192.)
 "McNabb explained that his family was evicted from their apartment because Chainey was selling drugs out of that apartment. (R. 2190.) He stated on the witness stand that when the family was evicted, McNabb's mother and siblings moved into Chainey's apartment, but because Chainey did not like McNabb and because Chainey did not want him around the apartment, he was not allowed to move with the family, resulting in his abandonment. (R. 2190-91.) He also stated to the jury that because he was not allowed to move into Chainey's apartment with his family nor was he allowed to come to the apartment, he would have to sneak into the apartment when Chainey was not there to visit his mother and siblings. (R. 2191-92.) *Page 331 
 "McNabb explained that after being abandoned by his mother, he moved around a lot, living with different family members, including his Father. (R. 2198-99, 2204-05.) He even stated that he knew that he was always welcome at his father's house. (R. 2204-05.)
 "McNabb testified that he had problems in school, including fistfights, and quit school while in the ninth grade. (R. 2194.) McNabb also testified to numerous run-ins with law enforcement in the past and that he was ordered by the Court to attend the `H.I.T.' program, which was a rehabilitation program similar to boot camp. (R. 2191-92.)
 "Clearly, both this Court and the jury were well aware that McNabb experienced a deprived childhood. McNabb thoroughly informed this Court and the jury of the mitigation evidence that he now alleges his trial counsel were ineffective for failing to present.
 "Furthermore, this Court found to exist the nonstatutory mitigation evidence that McNabb now claims was not presented, balanced that information with the aggravating circumstances, and found that the aggravating circumstances far outweighed the mitigating circumstances in his case. ([Direct-appeal record] C. 499.) (`McNabb . . . offer[ed] several nonstatutory mitigation circumstances including his family background. . . . This Court finds these non-statutory mitigating circumstances exist but gives them little weight. This Court notes, in particular, that there are thousands of people in similar situation as McNabb who have not committed violent acts. . . .').
 "McNabb cannot base his claim of ineffective assistance of counsel on trial counsel's failure to present additional, cumulative evidence supporting a mitigating circumstance. See Boyd v. State, [913 So.2d at 1139]; Pierce v. State, 851 So.2d 558, 582 (Ala.Crim.App. 1999), rev'd on other grounds, 851 So.2d 618 (Ala. 2002); Dobyne v. State, 805 So.2d 733, 755 (Ala.Crim.App. 2000); Robinson v. State, 361 So.2d 1172, 1175
(Ala.Crim.App. 1978) (`No ineffective representation results where trial counsel fails to call witnesses whose testimony would only be cumulative. . . .'). As such, this Court finds that he has failed to state a claim or raise a material issue of fact or law that would entitle him to relief, and no further proceedings are necessary. See Ala. R.Crim. P. 32.7(d). Therefore, this claim is summarily dismissed."
(C. 170-72.)
It is clear from the record that the very mitigating evidence McNabb contends was not presented to the jury was, in fact, before the jury as a result of McNabb's own testimony during the guilt phase of his trial. Further, contrary to McNabb's bare assertion that the jury "may not have understood what portions of [McNabb's] testimony could be considered as mitigating factors" (McNabb's brief at p. 30), the record on direct appeal indicates that the trial court expressly instructed the jury at the penalty phase that in determining the existence of any mitigating and/or aggravating circumstances, it was to consider not only the evidence presented at the sentencing phase, but "should also consider any evidence that was presented during the guilt phase of the trial that is relevant to the existence of any aggravating or mitigating circumstance." (Direct-appeal record, R. 2597.) The circuit court then instructed the jury on a number of mitigating circumstances. Defense counsel, in closing arguments at the penalty phase of the trial, expressly argued, among other things, that McNabb's cocaine usage and deprived childhood were mitigating factors that the jury should find outweighed the *Page 332 
aggravating circumstances so as to preclude the imposition of the death penalty. Thus, the circuit court's findings are supported by the record and are adopted as a part of this opinion. For these reasons, McNabb is not entitled to any relief on this claim.
 G.
McNabb also contends that the circuit court did not consider the cumulative effects of counsel's errors in dismissing his petition.
As this Court recently stated in Brooks v. State,929 So.2d 491, 514 (Ala.Crim.App. 2005):
 "Other states and federal courts are not in agreement as to whether the `cumulative effect' analysis applies to Strickland claims. As the Supreme Court of North Dakota noted in Garcia v. State, 678 N.W.2d 568, 578 (N.D. 2004):
 "`Garcia argues that even if trial counsel's individual acts or omissions are insufficient to establish he was prejudiced, the cumulative effect was substantial enough to meet Strickland's test. See Williams v. Washington, 59 F.3d 673, 682
(7th Cir. 1995) ("In making this showing, a petitioner may demonstrate that the cumulative effect of counsel's individual acts or omissions was substantial enough to meet Strickland's test"); but see Scott v. Jones, 915 F.2d 1188, 1191 (8th Cir. 1990) ("cumulative error does not call for habeas relief, as each habeas claim must stand or fall on its own").'
 "See also Holland v. State, 250 Ga.App. 24, 28, 550 S.E.2d 433, 437 (2001) (`Because the so-called cumulative error doctrine is inapplicable, each claim of inadequacy must be examined independently of other claims, using the two-prong standard of Strickland v. Washington.' (footnote omitted)); Carl v. State, 234 Ga.App. 61, 65, 506 S.E.2d 207, 212
(1998) (`Georgia does not recognize the cumulative error rule.'); Fisher v. Angelone, 163 F.3d 835, 852 (4th Cir. 1998) (`Not surprisingly, it has long been the practice of this Court to individually assess claims under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See, e.g., Hoots v. Allsbrook, 785 F.2d 1214, 1219 (4th Cir. 1986) (considering ineffective assistance claims individually rather than considering their cumulative impact.).').
 "We can find no case where Alabama appellate courts have applied the cumulative-effect analysis to claims of ineffective assistance of counsel. However, the Alabama Supreme Court has held that the cumulative effect of prosecutorial misconduct necessitated a new trial in Ex parte Tomlin, 540 So.2d 668, 672
(Ala. 1988) (`We need not decide whether either of the two errors, standing alone, would require a reversal; we hold that the cumulative effect of the errors probably adversely affected the substantial rights of the defendant and seriously affected the fairness and integrity of the judicial proceedings.'). Also, in Ex parte Bryant, [951] So.2d [724] (Ala. 2002), the Supreme Court held that the cumulative effect of errors may require reversal.
 "If we were to evaluate the cumulative effect of the ineffective assistance of counsel claims, we would find that Brooks's substantial rights were not injuriously affected. See Bryant and Rule 45, Ala.R.App.P."
Here too, if we were to evaluate the cumulative effect of the instances of alleged ineffective assistance of counsel, we would find that McNabb's substantial rights had not been injuriously affected, because we have found no error in the instances argued in the petition. See Ex *Page 333 parte Woods, 789 So.2d 941, 943 n. 1 (Ala. 2001) ("A correct statement of the law would be that, when no one instance amounts to error at all (as distinguished from error not sufficiently prejudicial to be reversible), the cumulative effect cannot warrant reversal. In other words, multiple nonerrors obviously do not require reversal"). Therefore, McNabb is not entitled to any relief on this claim.
 III.
Finally, McNabb argues that summary dismissal of his challenge to lethal injection as the method of execution was improper.
 A.
Initially, we note that the State contends, as it did in its motion to dismiss the petition, that this claim could have been, but was not, raised on appeal and is therefore barred by Rule 32.2(a)(5), Ala. R.Crim.P. In light of recent Alabama Supreme Court opinions, most notably Ex parte Ward, [Ms. 1051818, June 1, 2007] ___ So.2d ___ (Ala. 2007) (applying, in limited instances, the doctrine of equitable tolling to a Rule 32 petition), we question the propriety of the circuit court's dismissal of this claim pursuant to Rule 32.2(a)(5). At the time of McNabb's conviction and sentence, electrocution was the method of execution in Alabama. Further, the effective date of the statute introducing lethal injection as a means of execution in Alabama was several months after the time to file his application for rehearing. Whether McNabb could or should have raised the issue for the first time in some sort of untimely supplemental rehearing brief to this Court or in his petition for a writ of certiorari with the Alabama Supreme Court is a question we need not answer because, for the reasons discussed in Part III.B. of this opinion, McNabb's claim is clearly without merit.
 B.
McNabb's argument concerning lethal injection as the method of execution is largely speculative in nature and is replete with vague and hypothetical allegations that the method could cause pain. However, he does not actually allege that the execution procedure, if properly performed, causes an unacceptable or unconscionable level of pain. Thus, because McNabb does not challenge Alabama's method of execution, when properly performed, his claim did not meet the specificity requirement in Rule 32.6(b). Although the circuit court did not include the pleading requirement as a basis for its denial of this claim, there exists a long-standing and well-reasoned principle that we may affirm the denial of a Rule 32 petition if the denial is correct for any reason. See Long v. State,675 So.2d 532, 533 (Ala.Crim.App. 1996) (where the judgment of the circuit court denying a petition for postconviction relief is correct for any reason, it will be affirmed by this Court). As the Alabama Supreme Court has stated:
 "An appellee can defend the trial court's ruling with an argument not raised below, for this Court `will affirm the judgment appealed from if supported on any valid legal ground.' Tucker v. Nichols, 431 So.2d 1263, 1265 (Ala. 1983). There is a rather obvious fundamental difference in upholding the trial court's judgment and reversing it; this Court will not reverse the trial court's judgment on a ground raised for the first time on appeal, Costarides v. Miller, 374 So.2d 1335 (Ala. 1979), even though it affirms judgments on bases not asserted in the trial court, Bank of the Southeast v. Koslin, 380 So.2d 826
(Ala. 1980). This difference is predicated on the `long-standing, well-established *Page 334 
rule that [in order to secure a reversal] the appellant has an affirmative duty of showing error upon the record.' Tucker v. Nichols, supra, at 1264."
Smith v. Equifax Servs., Inc., 537 So.2d 463, 465
(Ala. 1988) (emphasis on "affirms" original; other emphasis added). See also Laster v. Norfolk Southern Ry., [Ms. 1050532, Jan. 5, 2007] ___ So.2d ___ (Ala. 2007); andBlackmon v. Brazil, 895 So.2d 900 (Ala. 2004). InLiberty National Life Insurance Co. v. University of AlabamaHealth Services Foundation, P.C., 881 So.2d 1013
(Ala. 2003), the Alabama Supreme Court identified certain exceptions to the application of the affirm-for-any-reason rule, stating:
 "Nonetheless, this Court will affirm the trial court on any valid legal ground presented by the record, regardless of whether that ground was considered, or even if it was rejected, by the trial court. Ex parte Ryals, 773 So.2d 1011 (Ala. 2000), citing Ex parte Wiginton, 743 So.2d 1071 (Ala. 1999), and Smith v. Equifax Servs., Inc., 537 So.2d 463 (Ala. 1988). This rule fails in application only where due-process constraints require some notice at the trial level, which was omitted, of the basis that would otherwise support an affirmance, such as when a totally omitted affirmative defense might, if available for consideration, suffice to affirm a judgment, Ameriquest Mortgage Co. v. Bentley, 851 So.2d 458 (Ala. 2002), or where a summary-judgment movant has not asserted before the trial court a failure of the nonmovant's evidence on an element of a claim or defense and therefore has not shifted the burden of producing substantial evidence in support of that element, Rector v. Better Houses, Inc., 820 So.2d 75, 80 (Ala. 2001) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and Kennedy v. Western Sizzlin Corp., 857 So.2d 71 (Ala. 2003))."
881 So.2d at 1020 (emphasis added).
We are aware of the Alabama Supreme Court's recent opinion inEx parte demons, [Ms. 1041915, May 4, 2007] ___ So.2d ___, ___ (Ala. 2007), in which that Court held that, absent some undelineated "extraordinary circumstances," appellate courts may not sua sponte apply the procedural bars in Rule 32.2(a) to affirm the denial of a Rule 32 petition. In attempting to reconcile the holding in Ex parte demons with the long-standing principle espoused in numerous opinions of Alabama's appellate courts, we question whether the Alabama Supreme Court intended demons to overrule by implication the above-cited authority to now prevent the affirmance of the lower court's ruling on grounds other than those stated by the lower court. Had the Alabama Supreme Court so intended it surely would have said so rather than creating a legal quagmire of speculation and conflicting caselaw. Rather, the Supreme Court stated in demons that the State bore the burden of pleading any ground of preclusion. It is clear that that burden is imposed on the State by the plain language of Rule 32.3, which states, in pertinent part, that "[t]he State shall have the burden of pleading any ground of preclusion. . . ." Thus, it appears that the language of Rule 32.3, a rule promulgated by the Alabama Supreme Court pursuant to its rule-making authority as discussed in Rule 1.1, Ala. R.Crim.P., and the committee comments thereto, has created the type of narrow due-process constraint discussed in LibertyNational Life Insurance Co. v. University of Alabama HealthServices Foundation, P.C., 881 So.2d at 1020. It is unclear how this due-process interpretation can coexist with the principle that "`[w]here a simple reading of a petition for post-conviction relief shows that, assuming every *Page 335 
allegation of the petition to be true, it is obviously without merit or is precluded, the circuit court [may] summarily dismiss that petition without requiring a response from the district attorney,'" Bishop v. State, 608 So.2d 345, 347-48
(Ala. 1992), quoting Bishop v. State, 592 So.2d 664, 667
(Ala.Crim.App. 1991) (Bowen, J., dissenting), a principle derived from Rule 32.7(d), Ala.R.Crim.P., which provides for summary disposition of Rule 32 petitions for assorted reasons. However, we need not resolve those questions because Rule 32.3 limits the State's burden of pleading to grounds "of preclusion," and we note that only those provisions in Rule 32.2 entitled "Preclusion of Remedy" fall within such a description. The pleading requirement in Rule 32.6(b), and Rule 32.7(d) governing summary disposition do not fall within the "Preclusion of Remedy" as discussed in Ex parte demons. As such, this Court's sua sponte application of the pleading requirement in Rule 32.6(b) does not conflict with the Alabama Supreme Court's holding in Ex parte demons.[3] Therefore, McNabb is not entitled to any relief on this claim because he failed to meet the specificity requirements of Rule 32.6(b), Ala.R.Crim. P., and the pleading requirements of Rule 32.3, Ala.R.Crim.P.
Moreover, this Court has recently held that in Alabama "lethal injection is not per se cruel and unusual punishment."Bryant v. State, 951 So.2d 732, 748
(Ala.Crim.App. 2003) (opinion on return to remand). See alsoBelisle v. State, [Ms. CR-02-2124, March 2, 2007] ___ So.2d ___, ___ (Ala.Crim.App. 2007); and Brooks v.State, 973 So.2d 380, 421 (Ala.Crim.App. 2007). In addition to Alabama, other states have likewise rejected constitutional challenges to execution by lethal injection, finding this method is almost "universally recognized as the most humane method of execution, least apt to cause unnecessary pain." State v.Webb, 252 Conn. 128, 145, 750 A.2d 448, 457 (2000) (citing, in turn, Woolls v. McCotter, 798 F.2d 695, 698 (5th Cir. 1986); Kelly v. Lynaugh, 862 F.2d 1126, 1135 (5th Cir. 1988); Hill v. Lockhart, 791 F.Supp. 1388, 1394
(E.D.Ark. 1992); Felder v. Estelle, 588 F.Supp. 664, 674
(S.D.Tex. 1984); State v. Hinchey, 181 Ariz. 307, 315,890 P.2d 602 (1995); State v. Deputy, 644 A.2d 411, 421
(Del.Super. 1994); People v. Stewart, 123 Ill.2d 368,386, 123 Ill.Dec. 927, 528 N.E.2d 631 (1988); State v.Moen, 309 Or. 45, 98-99, 786 P.2d 111 (1990); andHopkinson v. State, 798 P.2d 1186, 1187 (Wyo. 1990)). Further, when deciding Bryant, this Court noted that "[i]ndeed the only case we know of successfully challenging execution by lethal injection involved an inmate's individualized claim that death by lethal injection would violate the Eighth Amendment's prohibition against cruel and unusual punishment because he suffered from collapsed veins. SeeNelson v. Campbell, 541 U.S. 637, 124 S.Ct. 2117,158 L.Ed.2d 924 (2004)." Bryant, 951 So.2d at 748 n. 3. McNabb makes no individualized claim that death by lethal injection would violate the prohibition against cruel and unusual punishment because of any specific condition applicable to him personally. We note, however, that "[s]ince this Court released its decision in Bryant, one California court has held that lethal injection `as actually administered in practice' constitutes cruel and unusual punishment. SeeMorales v. Tilton, 465 F.Supp.2d 972, 974
(N.D.Cal. 2006)." Brown v. State, [Ms. CR-04-0293, June 29, 2007] ___ So.2d *Page 336 
___, ___ (Ala.Crim.App. 2007). Despite this ruling, McNabb's argument provides no reason to reverse our holding inBryant and its progeny, given the number of other jurisdictions that have rejected the merits of a similar claim. Therefore, summary denial of this claim was proper.
For the forgoing reasons, the circuit court correctly dismissed McNabb's post-conviction petition. We affirm its judgment.
AFFIRMED.
McMILLAN and WELCH, JJ., concur. BASCHAB, P.J., and SHAW, J., concur in the result.
[1] The order is dated November 8, 2005, and is stamped as filed by the circuit court on November 8, 2005. However, we note that the order is also stamped as "received" by the circuit court clerk on December 19, 2005, and a notation on the case-action summary indicates that the order summarily dismissing the Rule 32 petition was issued on December 19, 2005. Because McNabb filed his motion to reconsider the dismissal on December 7, 2005, we question the December 19 date; rather, it seems logical that the November 8 filing date was the date the order was issued. However, neither date affects the timeliness of this appeal or our review of the present petition, and we note the discrepancy only for the sake of completeness and clarifying the record.
[2] In that initial paragraph, McNabb listed each claim he contends was improperly denied. With regard to his other allegations that his trial counsel was ineffective, McNabb separately designated those claims as sub-parts of his claim and presented argument and legal authority related to those specific allegations. He did not, however, include a separate subpart for the "inadequate compensation" claim, nor did he present any argument, cite the record or facts relied upon, or cite relevant legal authority to support that claim.
[3] We note that other exceptions to Ex parte Clemons
may apply, given the specific factual and procedural posture of that case, and the specific language contained in the Alabama Supreme Court's opinion. However, we need not examine other possible exceptions in the present case.